IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CREATIVE PHOTOGRAPHERS, INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>GRUPO TELEVISA, S.A.B.,<br><br>　　　　　　　　　　Defendant. | Case No. 1:23-cv-07106-LJL |

### NOTICE OF DEFENDANT GRUPO TELEVISA, S.A.B.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

PLEASE TAKE NOTICE that Defendant Grupo Televisa, S.A.B. ("GTV"), by and through their undersigned counsel, respectfully request that the Court: (1) dismiss the First Amended Complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction over GTV; (2) dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim; (3) dismiss the FAC for failure to satisfy the Copyright Act's three-year statute of limitations; and (4) dismiss the FAC because Plaintiff does not have standing.

First, the FAC is subject to dismissal under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction because GTV is a foreign entity that is headquartered in Mexico and has its principal place of business in Mexico. GTV does not have an office in New York, is not registered with the New York Department of State, does not own property in New York, and does not have an address, phone number, mailing address in New York. The FAC's allegations regarding websites that are accessible to residents of New York and conclusory allegations about GTV transacting business in New York are routinely found by courts within this Circuit to be insufficient to subject a foreign entity to jurisdiction.

Second, the FAC should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) because it fails to plead which specific original works are subject to its claim and by what acts during what time period GTV allegedly engaged in the infringing conduct.  Instead, the FAC identifies 21 photographs in Exhibit A and over 100 URLs in Exhibit C that allegedly display some or all of the photographs in Exhibit A.  However, at least 43 of the listed URLs are not live, display an error message and/or require a sign-in , and thus, do not display an image identified in Exhibit A, and a different 22 URLs do not display an image identified in Exhibit A.  As a result, GTV is left to guess at which works it is alleged to have infringed, by what conduct, and when.

Third, Plaintiff's claim is time-barred by the Copyright Act's three-year statute of limitations because the FAC pleads no facts to plausibly support that its copyright infringement claim falls within the three-year statute of limitations as the FAC fails to allege when it obtained registrations with the United States Copyright Office, when the allegedly infringing conduct took place, or when precisely it discovered the alleged conduct.

Finally, the FAC fails to sufficiently demonstrate that Plaintiff has standing to bring this action under the Copyright Act.  In order to bring a claim for copyright infringement, Plaintiff must be either the owner of the copyright or be the exclusive licensee at the time of the alleged infringement.  Here, Plaintiff pleads that it is the exclusive licensee, but fails to plead when it became the exclusive licensee.

For the reasons discussed further in GTV's accompanying memorandum of law, GTV respectfully requests that the Court grant its motion to dismiss the FAC with prejudice.

Dated: November 22, 2023                                  Respectfully submitted,

                                                          By:     /s/Ariel Peikes

Ariel Peikes
ArentFox Schiff LLP
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
Tel.: (212) 457-5442
Email: ariel.peikes@afslaw.com

Ross Panko (*pro hac vice*)
ArentFox Schiff LLP
1717 K Street, NW
Washington, DC 20006
Tel: (202) 857-6090
Email: ross.panko@afslaw.com

*Attorneys for Defendant Grupo Televisa, S.A.B.*