**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CREATIVE PHOTOGRAPHERS, INC., | |
| Plaintiff, | Case No. 1:23-cv-07106-LJL |
| v. | |
| GRUPO TELEVISA, S.A.B., | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GRUPO TELEVISA, S.A.B.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Ariel Peikes
ArentFox Schiff LLP
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
Tel.: (212) 457-5442
Email: ariel.peikes@afslaw.com

Ross Panko (*pro hac vice*)
ArentFox Schiff LLP
1717 K Street, NW
Washington, DC 20006
Tel: (202) 857-6090
Email: ross.panko@afslaw.com

*Attorneys for Defendant Grupo Televisa, S.A.B.*

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .................................................................................................. 1

II.  BACKGROUND ................................................................................................... 2

   A.   Plaintiff and Its Muddled and Ambiguous Allegations Regarding the
        "Authors" and Identities of the Alleged Copyrighted Works. .............................. 2

   B.   Defendant Grupo Televisa, Its Lack of Any Connection to New York, and
        Plaintiff's Defective List of 105 "Infringing" Websites ........................................ 3

III. ARGUMENT ....................................................................................................... 4

   A.   The FAC Should be Dismissed for Lack of Personal Jurisdiction. ...................... 4

        1.   Legal Standard Governing Rule 12(b)(2) ................................................ 4

        2.   Plaintiff Has Failed to Plead General Personal Jurisdiction over
             GTV, a Foreign Entity that Is Not Incorporated or Headquartered
             in New York. ............................................................................................ 5

        3.   Plaintiff Has Failed to Plead Specific Jurisdiction over GTV. .................. 8

             a.   There is No Specific Jurisdiction Over GTV Under N.Y.
                  C.P.L.R. § 302(a)(1) Because GTV Does Not Purposefully
                  Avail Itself of Transacting Business In New York. ...................... 8

                  (1)   Defendant does not "transact any business in New
                        York." .................................................................................. 9

                  (2)   Plaintiff does not sufficiently plead that its
                        copyright infringement claim "arises from such
                        business transaction[s]" in New York ............................ 11

             b.   There is No Specific Jurisdiction Over GTV Under N.Y.
                  C.P.L.R. § 302(a)(2) Because GTV is Not Physically
                  Present in New York and Did Not Commit A Tortious Act
                  Within New York. ..................................................................... 12

             c.   There is No Specific Jurisdiction Over GTV Under N.Y.
                  C.P.L.R. § 302(a)(3) Because GTV Did Not Commit a
                  Tortious Act or Cause Injury to Any Person or Property
                  Within New York. ..................................................................... 13

        4.   The Exercise of Jurisdiction Over GTV Would Not Comport with
             Due Process. ........................................................................................... 15

   B.   The Amended Complaint Should be Dismissed for Failure to State a
        Claim under Rule 12(b)(6). ................................................................................ 18

        1.   Legal Standard Governing Rule 12(b)(6) ................................................ 18

        2.   The FAC Fails to Adequately Plead Which Specific Works Are the
             Subjects of Plaintiff's Claim. .................................................................. 19

# TABLE OF CONTENTS
(continued)

**Page**

3.    Plaintiff Fails to Plead Infringement "By What Acts During What Time" ................................................................................. 20

      a.    Plaintiff Fails to Specify What Acts GTV Allegedly Engaged In that Give Rise to Plaintiff's Claim. .......................... 21

      b.    The FAC is Devoid of Sufficient Allegations Regarding Time. ........................................................................................ 21

C.    Plaintiff's Claim is Time-Barred by the Applicable Statute of Limitations. ....... 23

D.    Plaintiff Has Failed to Plead Its Standing Under 17 U.S.C. § 501(b)................. 23

E.    Plaintiff Cannot Cure the Jurisdictional Defects and the Complaint Should be Dismissed With Prejudice. ............................................................. 24

IV.    CONCUSION ................................................................................. 25

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aero AG Holdings, LLC v. Huggoes Fashion LLC*,
    No. 21 Civ. 9499, 2022 WL 6244439 (S.D.N.Y. July 5, 2022), *R. & R.*
    *adopted as modified*, 2022 WL 4463896 (S.D.N.Y. Sept. 26, 2022) ...............................16, 17

*Asahi Metal Indus. Co. v. Super. Ct. of Cal.*,
    480 U.S. 102 (1987)........................................................................................ 15-16, 17

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).......................................................................................................18

*Barricade Books, Inc. v. Langberg*,
    No. 95 CIV. 8906, 2000 WL 1863764 (S.D.N.Y. Dec. 19, 2000).........................................25

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).......................................................................................................18

*Berdeaux v. OneCoin Ltd.*,
    561 F. Supp. 3d 379 (S.D.N.Y. 2021).................................................................................8

*Best Van Lines, Inc. v. Walker*,
    490 F.3d 239 (2d Cir. 2007)...........................................................................................15

*Bitetto v. Rometty*,
    No. 17-CV-658, 2018 WL 941736 (N.D.N.Y. Feb. 16, 2018)................................................22

*Brown v. Lockheed Martin Corp.*,
    814 F.3d 619 (2d Cir. 2016)...............................................................................................5

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*,
    69 F. Supp. 3d 342 (S.D.N.Y. 2014)................................................................................4, 17

*Calloway v. Marvel Ent. Grp.*,
    No. 82 Civ. 8697, 1983 WL 1141 (S.D.N.Y. June 30, 1983).................................................22

*Canova L. Off. LLC v. L. Off. of Ronald A. Marron, APLC*,
    No. 22-CV-7125, 2023 WL 5935693 (S.D.N.Y. Sept. 12, 2023).........................................10

*Capitol Recs., LLC v. VideoEgg, Inc.*,
    611 F. Supp. 2d 349 (S.D.N.Y. 2009).................................................................................9

*Carlson v. Cuevas*,
    932 F. Supp. 76 (S.D.N.Y. 1996) .....................................................................................12

*Castro v. Cusack*,
No. 15-cv-6714, 2019 WL 3385218 (E.D.N.Y. July 26, 2019)..............................24

*Chaplin v. Kido Indus. Co.*,
No. 10-CV-05711, 2011 WL 2421309 (S.D.N.Y. June 7, 2011) .............................9

*Cole v. John Wiley & Sons, Inc.*,
No. 11 Civ.2090, 2012 WL 3133520 (S.D.N.Y. Aug. 1, 2012) .......................20, 22

*Conrad v. Latido Mitu Holdings, LLC*,
No. 21-cv-03596, 2021 WL 5909656 (S.D.N.Y. Dec. 10, 2021) ............................12

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)................................................................................................15

*DH Servs., LLC v. Positive Impact, Inc.*,
No. 12 Civ. 6153, 2014 WL 496875 (S.D.N.Y. Feb. 5, 2014) ..............................13

*DiMaggio v. Int'l Sports Ltd.*,
No. 97 Civ. 7767, 1998 WL 549690 (S.D.N.Y. Aug. 31, 1998) ....................... 22-23

*DirecTV Latin Am., LLC v. Park 610, LLC*,
691 F. Supp. 2d 405 (S.D.N.Y. 2010)...................................................................12

*DNT Enters., Inc. v. Tech. Sys.*,
333 F. App'x 611 (2d Cir. 2009) ............................................................................9

*Fort Knox Music Inc. v. Baptiste*,
203 F.3d 193 (2d Cir. 2000)....................................................................................5

*Freeplay Music, Inc. v. Cox Radio, Inc.*,
No. 04 Civ. 5238, 2005 WL 1500896 (S.D.N.Y. June 23, 2005)....................10, 13

*Freeplay Music, LLC v. Dave Arbogast Buick-GMC, Inc.*,
No. 16 Civ. 442, 2017 WL 449913 (S.D.N.Y. Jan. 18, 2017)..........................14, 15

*Freeplay Music, LLC v. Nian Infosolutions Priv. Ltd.*,
No. 16 Civ. 5883, 2018 WL 3639929 (S.D.N.Y. July 10, 2018), *R. & R.
adopted*, 2018 WL 3632524 (S.D.N.Y. July 31, 2018) .....................................14, 15

*Freeplay Music, LLC v. Rigol Techs. USA, Inc.*,
No. 18 Civ. 10980, 2020 WL 564232 (S.D.N.Y. Feb. 4, 2020) .............................14

*Gallelli v. Crown Imps., LLC*,
701 F. Supp. 2d 263 (E.D.N.Y. 2010) .....................................................................7

*Gmurzynska v. Hutton*,
257 F. Supp. 2d 621 (S.D.N.Y. 2003), *aff'd*, 355 F.3d 206 (2d Cir. 2004) ..............5

*Goldstein v. Pataki*,
  516 F.3d 50 (2d Cir. 2008)..................................................................................18

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011)..........................................................................................15

*Hartford Fire Ins. Co. v. Maersk Line*,
  No. 18-cv-121, 2019 WL 4450639 (S.D.N.Y. Sept. 17, 2019) .........................5

*Jacobs v. Carnival Corp.*,
  No. 06 Civ. 0606, 2009 WL 856637 (S.D.N.Y. Mar. 25, 2009) .......................22

*Jazini v. Nissan Motor Co.*,
  148 F.3d 181 (2d Cir. 1998)................................................................................7

*JDM Imp. Co. v. Shree Ramkrishna Exps. Pvt., Ltd.*,
  No. 20-CV-8759, 2021 WL 5450237 (S.D.N.Y. Nov. 19, 2021)......................15

*John Wiley & Sons, Inc. v. DRK Photo*,
  998 F. Supp. 2d 262 (S.D.N.Y. 2014), *aff'd*, 882 F.3d 394 (2d Cir. 2018) ............24

*Kelly v. L.L. Cool J.*,
  145 F.R.D. 32 (S.D.N.Y. 1992), *aff'd without op.*, 23 F.3d 398 (2d Cir. 1994)............... 18-19

*Krisko v. Marvel Ent., LLC*,
  473 F. Supp. 3d 288 (S.D.N.Y. 2020)................................................................12

*Lane v. Knowles-Carter*,
  No. 14 Civ. 6798, 2015 WL 6395940 (S.D.N.Y. Oct. 21, 2015) .....................25

*Lennon v. Seaman*,
  No. 99 CIV. 2664, 2002 WL 109525 (S.D.N.Y. Jan. 28, 2002).......................21

*LivePerson, Inc. v. 24/7 Customer, Inc.*,
  83 F. Supp. 3d 501 (S.D.N.Y. 2015)..................................................................22

*MacDermid, Inc. v. Deiter*,
  702 F.3d 725 (2d Cir. 2012)............................................................................4, 5

*Maggi v. Women's Coll. Hosp.*,
  Civ. A. No. 03-0768, 2007 WL 841765 (N.D.N.Y. Mar. 19, 2007)..................10

*Mahnke v. Munchkin Prods., Inc.*,
  No. 99Civ.4684, 2001 WL 637378 (S.D.N.Y. June 7, 2001)...........................22

*Megna v. Biocomp Lab'ys Inc.*,
  166 F. Supp. 3d 493 (S.D.N.Y. 2016)..................................................10, 11, 12, 13

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
   84 F.3d 560(2d Cir. 1996)......................................................................................17

*Michael Grecco Prods. v. Radesign, Inc.*,
   No. 21-CV-8381, 2023 WL 4106162 (S.D.N.Y. June 20, 2023), *appeal filed*,
   No. 23-1078 (2d Cir. July 20, 2023)........................................................................23

*Minden Pictures, Inc. v. Buzzfeed, Inc.*,
   390 F. Supp. 3d 461 (S.D.N.Y. 2019).....................................................................23

*Pablo Star Ltd. v. Welsh Gov't*,
   170 F. Supp. 3d 597 (S.D.N.Y. 2016).......................................................................6

*Palatkevich v. Choupak*,
   Nos. 12 Civ. 1681, 12 Civ. 1682, 2014 WL 1509236 (S.D.N.Y. Jan. 24, 2014) ...................24

*Palmer Kane LLC v. Scholastic Corp.*,
   No. 12 CV 3890, 2013 WL 709276 (S.D.N.Y. Feb. 27, 2013) ...............................................22

*Paulo v. Agence France-Presse*,
   No. 21 Civ. 11209, 2023 WL 2873257 (S.D.N.Y. Jan. 19, 2023), *R. & R.
   adopted*, 2023 WL 2707201 (S.D.N.Y. Mar. 30, 2023) ....................................................16, 17

*PDK Labs, Inc. v. Friedlander*,
   103 F.3d 1105 (2d Cir. 1997)......................................................................................5

*Philpot v. Kos Media LLC*,
   No. 16-CV-01523, 2017 WL 2270248 (S.D.N.Y. Apr. 21, 2017), *R. & R.
   adopted*, 2017 WL 2269531 (S.D.N.Y. May 23, 2017) .............................................6, 7, 11, 12

*Plunket v. Doyle*,
   No. 99 Civ. 11006, 2001 WL 175252 (S.D.N.Y. Feb. 22, 2001) ...........................................20

*Porina v. Marward Shipping Co.*,
   No. 05 CIV. 5621, 2006 WL 2465819 (S.D.N.Y. Aug. 24, 2006), *aff'd,* 521
   F.3d 122 (2d Cir. 2008)..........................................................................................16, 17

*Qudsi v. Larios*,
   173 A.D.3d 920 (N.Y. App. Div. 2019) .....................................................................5

*In re Roman Catholic Diocese of Albany, N.Y., Inc.*,
   745 F.3d 30 (2d Cir. 2014).........................................................................................6

*Royalty Network Inc. v. Dishant.com, LLC*,
   638 F. Supp. 2d 410 (S.D.N.Y. 2009).....................................................................10

*Scottevest, Inc. v. AyeGear Glasgow Ltd.*,
   No. 12 Civ. 851, 2012 WL 1372166 (S.D.N.Y. Apr. 17, 2012).............................................11

*Sharp v. Patterson*,
  No. 03 Civ. 8772, 2004 WL 2480426 (S.D.N.Y. Nov. 3, 2004) ............................................18

*Sherwin-Williams Co. v. Avisep, S.A. De. C.V.*,
  No. 14-CV-6227, 2016 WL 354898 (S.D.N.Y. Jan. 28, 2016) ........................................16, 17

*Silberman v. Innovation Luggage, Inc.*,
  No. 01 Civ. 7109(GEL), 2003 WL 1787123 (S.D.N.Y. Apr. 3, 2003) ................................24

*Sole Resort, S.A. de C.V. v. Allure Resort Mgmt., LLC*,
  450 F.3d 100 (2d Cir. 2006)........................................................................................................11

*Sonera Holding B.V. v. Çukurova Holding A.Ş.*,
  750 F.3d 221 (2d Cir. 2014)..........................................................................................................5

*Stubby Strip, LLC v. Food Mkt. Merch., Inc.*,
  No. 15-cv-1410, 2016 WL 5374116 (N.D.N.Y. Sept. 26, 2016)..............................................24

*UTC Fire & Sec. Ams. Corp. v. NCS Power, Inc.*,
  844 F. Supp. 2d 366 (S.D.N.Y. 2012)..........................................................................................7

*Wahlhuetter v. CollegeHumor.com, LLC*,
  No. 19-CV-1501, 2021 WL 6205506 (S.D.N.Y. Nov. 29, 2021)...............................6, 7, 9, 11

*Weiss v. La Suisse*,
  69 F. Supp. 2d 449 (S.D.N.Y. 1999)............................................................................................9

*Young-Wolff v. McGraw-Hill Cos.*,
  No. 13–CV–4372, 2014 WL 349711 (S.D.N.Y. Jan. 31, 2014) ...............................................22

**Statutes**

Copyright Act, 17 U.S.C. § 101 *et seq.* ........................................................................................5

Copyright Act, Section 507(b)........................................................................................................23

N.Y. C.P.L.R. § 301 ....................................................................................................................5, 6

N.Y. C.P.L.R. § 302(a) ................................................................................................................5, 8

N.Y. C.P.L.R. § 302(a)(1)...........................................................................................................8, 12

N.Y. C.P.L.R. § 302(a)(2)..............................................................................................................12

N.Y. C.P.L.R. § 302(a)(3)........................................................................................................14, 15

Fed. R. Civ. P. Rule 8 .....................................................................................................................18

Fed. R. Civ. P. Rule 8(a)....................................................................................................18, 19, 22

Defendant Grupo Televisa, S.A.B. ("GTV"), by its undersigned attorneys, respectfully submits this memorandum of law in support of its Motion to Dismiss Plaintiff's First Amended Complaint ("FAC" or "ECF 12").

## I.  **INTRODUCTION**

Plaintiff's FAC should be dismissed for lack of personal jurisdiction and failure to state a claim.  In addition, Plaintiff's claim is time-barred by the Copyright Act's three-year statute of limitations, and Plaintiff lacks standing to bring this action.

The FAC consists of conclusory, vague, and disjointed allegations against a Mexican company with no physical presence in the United States, and which is not subject to either general or specific personal jurisdiction in New York.  In addition, Plaintiff's substantive allegations of "infringement" do not plead specific personal jurisdiction or state a claim for relief because: (1) most of the allegedly infringing websites are broken links and thus are inaccessible, are owned by an unrelated third-party, or do not exist at all; and (2) to the extent the websites exist and are accessible, they clearly target Mexican (not United States) consumers, as demonstrated *inter alia* by the fact that U.S. visitors to some of the websites cannot view the video content and instead receive the below error message:



In addition, Plaintiff's claim is barred by the Copyright Act's three-year statute of limitations because it pleads no dates regarding the authors' alleged creation of the asserted works,

the dates they were registered, the date Plaintiff supposedly became an "exclusive licensee," or the dates when Defendant is alleged to have infringed the works.  Finally, Plaintiff lacks standing because it does not sufficiently plead that it was an exclusive licensee of the asserted works "at the time of the infringement."  Thus, Plaintiff's FAC should be dismissed with prejudice.

## II.   <u>BACKGROUND</u>

### A.   <u>Plaintiff and Its Muddled and Ambiguous Allegations Regarding the "Authors" and Identities of the Alleged Copyrighted Works.</u>

Plaintiff purports to be "an exclusive independent 'boutique style' agency which serves photographers and artists by licensing their images in both traditional and new media platforms for a variety of uses, including editorial uses."  ECF 12 ¶ 19.  In the FAC, Plaintiff claims rights in 21 photographs, which it refers to as the "Copyrighted Works."  *Id.* ¶ 20.  Attached as Exhibit A to the FAC are 21 photographs of various celebrities, including Justin Bieber, Jenifer Aniston, Cameron Diaz, and others, unaccompanied by any explanatory text.  ECF 12-1.  Exhibit B to the FAC purports to be a chart listing the "Copyright Registration Number," "Title of Work," and "Author of Work" for the 21 photographs.  ECF 12-2.  However, Exhibit B does not "connect the dots" to the actual photographs in Exhibit A, as most of the "Title(s) of Work(s)" listed in Exhibit B make no reference to the photographed celebrity, but instead have cryptic titles such as "_97A7306.jpg."  *Id.*  In addition, the FAC does not include copies of the alleged copyright registration certificates for the asserted works, or copies of the deposit materials (the actual photographs) submitted to the Copyright Office.  As such, GTV cannot discern and is left to speculate as to which photographic works shown in Exhibit A are allegedly protected by the asserted copyright registrations in Exhibit B.

Exacerbating the ambiguity, the column "Author of Work" in Exhibit B lists six different photographers: Zoey Grossman; Frank W. Ockenfels III; Vijat Mohindra; Michael Muller; Ruven

Afanador; and Nino Munoz, but the body of the FAC omits any reference to Zoey Grossman or Michael Muller, and adds Mathias Vriens McGrath, who is not listed in Exhibit B.  ECF 12-2; ECF 12.  Furthermore, although Plaintiff claims to be the "exclusive licensee of the copyrights in and to the photographic works at issue in this litigation," ECF 12 ¶ 20, it provides no copies of any such license agreements with any of the "authors" listed in either Exhibit B or the body of the FAC.

**B.**    **Defendant Grupo Televisa, Its Lack of Any Connection to New York, and Plaintiff's Defective List of 105 "Infringing" Websites**

Defendant Grupo Televisa S.A.B. ("GTV") is a Mexican telecommunications corporation that offers integrated services to residential and commercial customers and managed services to carriers.  Decl. of Liliana Martínez Vela ("Vela Decl.") ¶ 7.  GTV is organized and existing under the laws of Mexico, with its principal place of business in Mexico.  *Id*. ¶ 6.  GTV does not have an office in New York, is not registered with the New York Department of State, does not own property in New York, and does not have an address, phone number, or mailing address in New York.  *Id*. ¶ 8.  GTV does not direct any advertising specifically toward New York or U.S. residents, nor does it advertise in any publication that is directly primarily toward New York or U.S. residents.  *Id.* ¶ 9.

Plaintiff alleges that Defendant infringed the asserted copyrighted works by displaying them on "websites which are published by Defendant's subsidiary Editorial Televisa SA De CV."  ECF 12 ¶ 4.  However, of the 105 URLs listed in Exhibit C, 43 of them are disabled and thus are inaccessible, or require a sign-in.  Vela Decl. ¶ 14.  As a result, none of these 43 URLs display any of the Plaintiff's asserted "Copyrighted Works."  *Id.*  Similarly, at least another 22 other URLs do not display an image identified in Exhibit A.  *Id.* ¶ 15.  The remaining websites listed in Exhibit C are not controlled by GTV, but instead by its subsidiary Editorial Televisa, and clearly target

Mexican consumers rather than U.S. consumers.  *Id.* ¶¶ 18, 19, 20, 23, 24.  For example, the websites dam.tyvnovelas.com, stg.tuenlinea.com, and editorialtelevisa.com.mx are entirely in Spanish and display content related to and affiliated with the corresponding TVynovelas, TuEnLinea and other print magazines that Editorial Televisa distributes in Spanish and sells solely to residents of Mexico and Latin America.  *Id.*  Moreover, the video content on some of the websites cited in Exhibit C is inaccessible to U.S. consumers.  For example, when a New York resident visits the websites https://www.telehit.com/ and https://noticieros.televisa.com/eeuu and attempts to access videos on the site, the following error message is displayed:



Cascante Decl. ¶¶ 4, 5.  Despite the foregoing facts, Plaintiff attempts to establish that GTV is subject to general or specific personal jurisdiction in New York.  *See* ECF 12 ¶¶ 4–8; 10–18.  For the reasons discussed below, Plaintiffs allegations fail and GTV is not subject to either general or specific personal jurisdiction in New York.

## III.   ARGUMENT

### A.   The FAC Should be Dismissed for Lack of Personal Jurisdiction.

#### 1.   Legal Standard Governing Rule 12(b)(2)

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(2) when a plaintiff has not met its burden of pleading personal jurisdiction.  *See BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 349–50 (S.D.N.Y. 2014); *MacDermid, Inc. v. Deiter*, 702

F.3d 725, 727 (2d Cir. 2012)).  When assessing a Rule 12(b)(2) motion, the Court is under no obligation to accept the allegations in a complaint as true, and may consider evidence presented in affidavits or by other means.  *MacDermid,* 702 F.3d at 727.  Moreover, "conclusory allegations are not enough to establish personal jurisdiction." *Gmurzynska v. Hutton*, 257 F. Supp. 2d 621, 625 (S.D.N.Y. 2003) (citation omitted), *aff'd*, 355 F.3d 206 (2d Cir. 2004). Assessing personal jurisdiction over a foreign defendant involves a two-part analysis.  *Sonera Holding B.V. v. Çukurova Holding A.Ş.*, 750 F.3d 221, 224 (2d Cir. 2014).  First, the court must determine whether the defendant is subject to jurisdiction under the law of the forum state—here, New York[1]—, and second, whether the exercise of jurisdiction comports with due process.  *Sonera Holding*, 750 F.3d at 224.  Here, Plaintiff's allegations fail both prongs of the test, and thus the FAC should be dismissed.

      **2.**      **Plaintiff Has Failed to Plead General Personal Jurisdiction over GTV, a Foreign Entity that Is Not Incorporated or Headquartered in New York.**

Under New York law, "a foreign corporation is subject to general personal jurisdiction in New York if it is 'doing business' in the state."  N.Y. C.P.L.R. § 301.  Under "'modern jurisprudence,' New York typically exercises general jurisdiction only over … corporations that are either incorporated or have a principal place of business in New York."  *Hartford Fire Ins. Co. v. Maersk Line*, No. 18-cv-121, 2019 WL 4450639, at *5 (S.D.N.Y. Sept. 17, 2019) (quoting *Qudsi v. Larios*, 173 A.D.3d 920, 922 (N.Y. App. Div. 2019)); *see also Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) ("except in a truly 'exceptional' case, a corporate defendant may

---

[1] The court in a federal question case "applies the forum state's personal jurisdiction rules," unless a federal statute "specifically provide[s] for national service of process." *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997) (internal quotation marks omitted).  Because the "Copyright Act, 17 U.S.C. § 101 *et seq.*, does not provide for national service of process," *Fort Knox Music Inc. v. Baptiste*, 203 F.3d 193, 196 (2d Cir. 2000), New York's long-arm statute, N.Y. C.P.L.R. § 302(a), governs the instant action.

be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business." (citing *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 39–41 (2d Cir. 2014)).

Here, Plaintiff's allegations of general personal jurisdiction fail because it alleges only, in conclusory fashion, that GTV has "offices, bank accounts, and real estate in New York."  ECF 12 ¶ 11.  However, that allegation is incorrect because as shown in the attached declaration, GTV is not incorporated in New York and has no place of business here.  Vela Decl. ¶¶ 6, 8.  Moreover, GTV is not registered to do business in New York, and does not have an address or phone number in New York.  *Id.*  Accordingly, GTV, a Mexican company, is plainly not "at home" in New York and thus is not subject to general personal jurisdiction here.  *See Philpot v. Kos Media LLC,* No. 16-CV-01523, 2017 WL 2270248, at *6 (S.D.N.Y. Apr. 21, 2017), R. & R. *adopted*, 2017 WL 2269531 (S.D.N.Y. May 23, 2017) (dismissing complaint for lack of personal jurisdiction where defendant did not own or rent property in New York, was not registered to do business in New York, and had no address, telephone number or fax number in New York, among other factors); *Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 604–10 (S.D.N.Y. 2016) (dismissing complaint for lack of jurisdiction against certain defendants where plaintiff did not plead that defendants were incorporated in or had a principal place of business in New York and failed to allege contacts with New York so substantial to be the exceptional case where a corporation is essentially "at home" in a foreign forum); *see also Wahlhuetter v. CollegeHumor.com, LLC*, No. 19-CV-1501, 2021 WL 6205506, at *3–6 (S.D.N.Y. Nov. 29, 2021) (finding "plaintiff's conclusory allegation that defendant 'resides in and/or transacts business in New York,' fails to establish the requirements of general jurisdiction under CPLR § 301.").

Plaintiff then baselessly attempts to establish general personal jurisdiction over GTV through its alleged connection to the "New York based" companies TelevisaUnivision and the vaguely identified "Univision."   ECF 12 ¶¶ 6, 7.   Plaintiff's allegations fail because TelevisaUnivision is a wholly separate legal entity from GTV, and GTV has no control over TelevisaUnivision.   Vela Decl. ¶ 10.   Likewise, GTV does not control any New York based company known as "Univision."   *Id.* ¶ 11.   Accordingly, the FAC's allegations concerning these corporate entities do not establish general personal jurisdiction over GTV.   *See Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998) (affirming dismissal for lack of personal jurisdiction over foreign entity where plaintiff relied on conclusory allegations that the United States entity was wholly controlled and wholly dependent on the foreign entity); *Gallelli v. Crown Imps., LLC*, 701 F. Supp. 2d 263, 273 (E.D.N.Y. 2010) (granting motion to dismiss for lack of jurisdiction over Mexican corporation).

Likewise, Plaintiff's mere allegations that the "Defendant's Websites" are "publicly displayed in the State of New York" and are accessed by "consumers in the State of New York" are insufficient to establish general personal jurisdiction over GTV.   ECF 12 ¶ 4.   In this regard, "[i]t is well-established that a website accessible to New York residents – even a website with interactive components – is insufficient to support general jurisdiction."   *UTC Fire & Sec. Ams. Corp. v. NCS Power, Inc.*, 844 F. Supp. 2d 366, 371 (S.D.N.Y. 2012);   *see also Philpot*, 2017 WL 2270248, at *7 (it is "well-settled that the operation of a website accessible to New Yorkers—even a website through which those New Yorkers can buy T-shirts—does not subject the website operator to general jurisdiction under § 301.");   *see also Wahlhuetter*, 2021 WL 6205506, at *4 ("Nor can general jurisdiction rest on the allegation that defendant posted the Photograph on its website").

Furthermore, as detailed in the attached declaration, GTV owns only two of the websites listed in Exhibit C (televisa.com and televisa.brightsportcdn.com), but those sites and the sites owned by GTV's subsidiary Editorial Televisa are expressly aimed at consumers of Mexico (rather than U.S. consumers), and much of the content on them is expressly blocked from being viewed by Internet users in the U.S.  Vela Decl. ¶¶ 18–24.  Accordingly, Plaintiff's allegations concerning Defendant's websites are insufficient to confer general personal jurisdiction over GTV.

### 3.   Plaintiff Has Failed to Plead Specific Jurisdiction over GTV.

Plaintiff also did not, and cannot, validly plead that GTV is subject to specific personal jurisdiction in New York.  New York's long-arm statute provides that a court may exercise personal jurisdiction over any non-domiciliary in three enumerated circumstances.  *See generally* N.Y. C.P.L.R. § 302(a).  Although it is unclear which provision of N.Y. C.P.L.R. § 302(a) Plaintiff seeks to invoke, it failed to plead specific personal jurisdiction under any.

### a.   There is No Specific Jurisdiction Over GTV Under N.Y. C.P.L.R. § 302(a)(1) Because GTV Does Not Purposefully Avail Itself of Transacting Business In New York.

First, under Section 302(a)(1), "a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent … transacts any business within the state or contracts anywhere to supply goods or services in the state."  N.Y. C.P.L.R. § 302(a)(1).  To determine the existence of jurisdiction under section 302(a)(1), the court evaluates (1) whether the defendant transacts any business in New York and, if so, (2) whether the cause of action arises from such a business transaction.  *Berdeaux v. OneCoin Ltd.*, 561 F. Supp. 3d 379, 399 (S.D.N.Y. 2021).  The FAC fails both prongs.

**(1)      Defendant does not "transact any business in New York."**

To satisfy the first prong, Plaintiff must plead that GTV transacted business in a way that constitutes purposeful activity, meaning GTV purposefully availed itself of the privilege of conducting activities in New York, thus invoking the benefits and protections of its laws. *DNT Enters., Inc. v. Tech. Sys.*, 333 F. App'x 611, 613 (2d Cir. 2009). Purposeful availment "requires more than 'random, fortuitous, or attenuated contacts[.]' " *Wahlhuetter*, 2021 WL 6205506, at *5 (quoting *Capitol Recs., LLC v. VideoEgg, Inc.*, 611 F. Supp. 2d 349, 357–58 (S.D.N.Y. 2009)). Here, Plaintiff's allegations do not satisfy this test.

In this regard, Plaintiff baldly claims that GTV "transact[ed] business in New York," including "with the New York based compan[ies] known as Univision [and] TelevisaUnivision … in order to reproduce, distribute, and publicly display Defendant's Spanish language content to Spanish speaking consumers in New York, including the content at issue in this litigation." ECF 12 ¶¶ 5-7. Plaintiff's allegations regarding TelevisaUnivision fail because TelevisaUnivision is a wholly separate legal entity from GTV, and GTV does not control TelevisaUnivision. Vela Decl. ¶ 10. Likewise, GTV does not control any New York based company known as "Univision." *Id.* ¶ 11; *see Chaplin v. Kido Indus. Co.*, No. 10-CV-05711, 2011 WL 2421309, at *3 (S.D.N.Y. June 7, 2011) (granting motion to dismiss where defendant, an entity in the Republic of Korea, was not subject to personal jurisdiction "as the mere presence of a subsidiary in New York does not elevate the parent corporation's contacts with the state to the requisite level"); *Weiss v. La Suisse*, 69 F. Supp. 2d 449, 459 (S.D.N.Y. 1999) (granting motion to dismiss for lack of personal jurisdiction over Swiss insurer and finding further discovery was not warranted).

Moreover, Plaintiff does not plead the existence of any contracts between  GTV and either Univision or TelevisaUnivision, much less the details of such contracts to warrant the exercise of

specific jurisdiction over GTV.  *See Canova L. Off. LLC v. L. Off. of Ronald A. Marron, APLC*, No. 22-CV-7125, 2023 WL 5935693, at *2 (S.D.N.Y. Sept. 12, 2023) (granting motion to dismiss where complaint did not allege that defendant maintained an ongoing contractual relationship with any New York entity and there was no allegation that the contract was negotiated or executed in New York); *Maggi v. Women's Coll. Hosp.*, Civ. A. No. 03-0768, 2007 WL 841765, at *2 (N.D.N.Y. Mar. 19, 2007) ("Plaintiff's conclusory statement that the hospital 'contracts business within New York' is insufficient to find that the hospital transacts business in New York.").

Similarly, Plaintiff's bare-bones allegations that GTV's allegedly infringing websites are accessible to residents of New York (ECF 12 ¶¶ 4-7) does not constitute "transacting business in New York" because as noted above, only two of the sites listed in Exhibit C are owned by GTV, and those sites and the sites owned by GTV's subsidiary Editorial Televisa plainly target Mexican rather than U.S. consumers.  Moreover, the mere fact that the websites are "accessible to residents of New York" does not subject GTV to personal jurisdiction under Section 302(a)(1) because "the mere availability of the site to users in New York, standing alone, does not amount to transacting business in the state for purposes of section 302(a)."  *Megna v. Biocomp Lab'ys Inc.*, 166 F. Supp. 3d 493, 496–500 (S.D.N.Y. 2016) (quoting *Royalty Network Inc. v. Dishant.com, LLC*, 638 F. Supp. 2d 410, 418 (S.D.N.Y. 2009)); *see also  Freeplay Music, Inc. v. Cox Radio, Inc.*, No. 04 Civ. 5238, 2005 WL 1500896, at *7 (S.D.N.Y. June 23, 2005) ("It stretches the meaning of 'transacting business' too far to subject defendants to personal jurisdiction in any state merely for operating a website ... without some evidence or allegation that commercial activity in that state actually occurred or was actively sought.").  Indeed, the allegations here are similar to the deficient complaint in *Megna*, which "provide[d] no evidence that any New York residents actually engaged in any … transactions" with GTV and similarly "fails to distinguish in the Complaint between

[defendant's] commerce in New York and commerce in the United States and the world generally." *Megna*, 166 F. Supp. 3d at 498; *see also Scottevest, Inc. v. AyeGear Glasgow Ltd.*, No. 12 Civ. 851, 2012 WL 1372166, at *4 (S.D.N.Y. Apr. 17, 2012) (holding "[t]he Complaint does not identify any transaction that was directed to New York. It does not meaningfully distinguish commerce in New York from commerce in the United States generally"); *see also Philpot,* 2017 WL 2270248, at *10 (allegations "that defendant unlawfully published them on a globally-accessible website which is viewable by New Yorkers (among others), enables New Yorkers (among others) to purchase unrelated items such as clothing, and had a New York IP address . . . is not enough").

Accordingly, Plaintiff's allegations do not sufficiently plead that GTV "transacted any business in New York" under the first prong of Section 302(a)(1).

> **(2)    Plaintiff does not sufficiently plead that its copyright infringement claim "arises from such business transaction[s]" in New York.**

To satisfy the second prong under Section 302(a)(1), Plaintiff must plead that the alleged copyright infringement arises from GTV's business transactions in New York, and thus must demonstrate an articulable nexus, or a substantial relationship, between the copyright infringement and the actions that occurred in New York. *Wahlhuetter*, 2021 WL 6205506, at *5 (quoting *Sole Resort, S.A. de C.V. v. Allure Resort Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006)). "A connection that is 'merely coincidental' is insufficient to support jurisdiction." *Sole Resort, S.A. de C.V.*, 450 F.3d at103 (collecting cases in which "the event giving rise to the plaintiff's injury had, at best, a tangential relationship to any contacts the defendant had with New York" and therefore jurisdiction did not exist under § 302(a)(1)).

Here, Plaintiff's allegations come nowhere near meeting this standard.  For example, Plaintiff does not allege that the infringing acts (copying and uploading of the images) took place

in New York or otherwise arose out of GTV's alleged activities in New York.  *See, e.g.*, *Philpot* 2017 WL 2270248, at *11 (finding no "articulable nexus" where "[t]he photographs were simply posted to defendant's publicly-available website, where they were equally accessible to viewers anywhere in the world").  As a result, any connections GTV has to New York are random, fortuitous, and attenuated, and, thus, do not merit this Court's exercise of specific personal jurisdiction over GTV pursuant to C.P.L.R. § 302(a)(1).  *Conrad v. Latido Mitu Holdings, LLC*, No. 21-cv-03596, 2021 WL 5909656, at *1–5 (S.D.N.Y. Dec. 10, 2021) (finding alleged unauthorized display of photos to be "too far removed from [defendant's] alleged transactions of business in New York"); *Megna*, 166 F. Supp. 3d at 499 (dismissing copyright infringement case for lack of personal jurisdiction where "[t]he Complaint does not contain any allegations that specifically connect the use of [plaintiff's] photograph with [defendant's] business activity").

> **b.    There is No Specific Jurisdiction Over GTV Under N.Y. C.P.L.R. § 302(a)(2) Because GTV is Not Physically Present in New York and Did Not Commit A Tortious Act Within New York.**

Plaintiff likewise fails to establish specific personal jurisdiction under Section 302(a)(2), which exists only for a foreign defendant who "commits a tortious act within the state[.]"  N.Y. C.P.L.R. § 302(a)(2).  New York courts and the Second Circuit have "consistently interpreted § 302(a)(2) jurisdiction narrowly."  *Carlson v. Cuevas*, 932 F. Supp. 76, 79 (S.D.N.Y. 1996) (citing cases).

For jurisdiction to attach under this subsection, GTV's allegedly tortious act must have occurred while GTV was physically present in New York.  *Krisko v. Marvel Ent., LLC*, 473 F. Supp. 3d 288, 299 (S.D.N.Y. 2020) (citing *DirecTV Latin Am., LLC v. Park 610, LLC*, 691 F. Supp. 2d 405, 418 (S.D.N.Y. 2010)).  Here, Plaintiff makes no allegation that GTV was physically present in New York when it committed the alleged infringement, nor could it validly plead such

facts since GTV is a Mexican company with its principal place of business in that country. *See Megna*, 166 F. Supp. 3d at 499 ("Therefore, because [defendant] is not physically present in New York, Section 302(a)(2) is not a basis for personal jurisdiction.").

Additionally, there is no jurisdiction under Section 302(a)(2) because in cases concerning the display of allegedly infringing content on a website, the alleged tort is deemed to be committed where the website is created and/or maintained, and here, there is no allegation that GTV created or maintained the websites in New York. *See Freeplay Music, Inc,*, 2005 WL 1500896, at *7 ("Freeplay makes no assertions that the websites were created or maintained in New York, and thus, Beasley is not subject to jurisdiction under § 302(a)(2).").

Finally, Plaintiff baldly pleads that the "Defendant's Websites are hosted from servers owned or controlled by Defendant and located in the United States," ECF 12 ¶ 4, but that assertion is false, since the servers supporting GTV's websites are in fact not located in New York. Vela Decl. ¶¶ 18, 19, 20, 23, 24; *DH Servs., LLC v. Positive Impact, Inc.*, No. 12 Civ. 6153, 2014 WL 496875, at *10–11 (S.D.N.Y. Feb. 5, 2014) (finding no jurisdiction under § 302(a)(2) where website was created and maintained in Atlanta and hosted on servers in Massachusetts).

Accordingly, Plaintiff's allegations are insufficient to establish personal jurisdiction under Section 302(a)(2).

### c.   There is No Specific Jurisdiction Over GTV Under N.Y. C.P.L.R. § 302(a)(3) Because GTV Did Not Commit a Tortious Act or Cause Injury to Any Person or Property Within New York.

Plaintiff also fails to establish specific personal jurisdiction under Section 302(a)(3), which exists only where a non-domiciliary "commits a tortious act [outside] the state causing injury to person or property within the state," but only where the party "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods

13

used or consumed or services rendered, in the state" or where a party expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."  N.Y. C.P.L.R. § 302(a)(3).

Here, Plaintiff's allegations do not satisfy either subsection of C.P.L.R. § 302(a)(3) because Plaintiff does not plead that the allegedly tortious act caused injury to a person or property within New York.  Instead, Plaintiff merely alleges that GTV "profited at the expense of Plaintiff" (ECF 12 ¶ 41) and Plaintiff seeks to recover statutory damages and GTV's profits.  However, those allegations are insufficient to plead  an injury to a person or property in New York.  *See, e.g.*, *Freeplay Music, LLC v. Rigol Techs. USA, Inc.*, No. 18 Civ. 10980, 2020 WL 564232, at *7 (S.D.N.Y. Feb. 4, 2020) ("Freeplay points almost exclusively to statutory and actual damages stemming from lost licensing opportunities. . . .  Given the nature of the injury in this case, the Court finds that its situs is not New York."); *Freeplay Music, LLC v. Nian Infosolutions Priv. Ltd.*, No. 16 Civ. 5883, 2018 WL 3639929, at *1 (S.D.N.Y. July 10, 2018), *R. & R. adopted*, 2018 WL 3632524 (S.D.N.Y. July 31, 2018) ("Freeplay simply has not pled (or shown in its submissions) the requisite specific injury to its unique bundle of copyright rights."); *Freeplay Music, LLC v. Dave Arbogast Buick-GMC, Inc.*, No. 16 Civ. 442, 2017 WL 449913, at *5 (S.D.N.Y. Jan. 18, 2017) ("Plaintiff's allegations—that defendants' broadcasting of unlicensed copyrighted material in Germany caused, in plaintiff's terms, 'generalized harm (i.e., statutory damages as a result of defendants' willful infringement) to its exclusive distribution right'—was 'far too speculative to support a finding that [plaintiff] suffered injury in New York within the meaning of section 302(a)(3)(ii).'").  Here, similar to the deficient complaints in *Nian*, *Abrogast*, and *Rigol*, Plaintiff alleges copyright infringement by a non-New York entity based on its alleged use of copyrighted works posted to the internet.  *See Rigol*, 2020 WL 564232, at *7; *Nian*, 2018 WL 3639929, at *1;

14

*Arbogast,* 2017 WL 449913, at *5. As in *Abrogast*, *Rigo*, and *Nian*, Plaintiff failed to establish an injury in New York for purposes of C.P.L.R. § 302(a)(3).

Accordingly, Plaintiff's allegations fail to establish that GTV is subject to specific jurisdiction under New York law.

**4.    The Exercise of Jurisdiction Over GTV Would Not Comport with Due Process.**

Plaintiff's allegations also fail the second part of the jurisdictional analysis, whether the exercise of personal jurisdiction comports with due process standards. Under the Due Process Clause, a state may "authorize its courts to exercise personal jurisdiction over an out-of-state defendant" only if "the defendant has 'certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011)) (alteration in original). "[T]he 'crucial question is whether the defendant has purposefully avail[ed] itself of the privilege of conducting activities within the forum state' such that [it] 'should reasonably anticipate being haled into court there.'" *JDM Imp. Co. v. Shree Ramkrishna Exps. Pvt., Ltd.*, No. 20-CV-8759, 2021 WL 5450237, at *7 (S.D.N.Y. Nov. 19, 2021) (quoting *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242–43 (2d Cir. 2007)).

The Supreme Court has instructed courts to consider five factors in determining the reasonableness of a particular exercise of jurisdiction: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies. *Asahi Metal Indus. Co. v.*

*Super. Ct. of Cal.*, 480 U.S. 102, 113–14 (1987)).  Here, all five factors weigh against the exercise of jurisdiction over GTV.

First, GTV would face a significant burden by having to defend this case here given its absence of any physical presence in New York and that none of the records, files, or witnesses with information are located in New York.  *See Paulo v. Agence France-Presse*, No. 21 Civ. 11209, 2023 WL 2873257, at *25–30 (S.D.N.Y. Jan. 19, 2023), *R. & R. adopted*, 2023 WL 2707201 (S.D.N.Y. Mar. 30, 2023) (foreign entity incorporated and headquartered in France with only a small news reporting office in New York would face a significant burden having to defend in federal court); *Aero AG Holdings, LLC v. Huggoes Fashion LLC*, No. 21 Civ. 9499, 2022 WL 6244439, at *12 (S.D.N.Y. July 5, 2022), *R. & R. adopted as modified*, 2022 WL 4463896 (S.D.N.Y. Sept. 26, 2022) (denying motion to amend where defendant was incorporated and maintained its principal place of business in Texas and did not own property or maintain bank accounts in New York); *Porina v. Marward Shipping Co.*, No. 05 CIV. 5621, 2006 WL 2465819, at *8 (S.D.N.Y. Aug. 24, 2006) ("litigating a case in New York would be a substantial burden" for a foreign defendant where "[n]one of the records, files, or witnesses with information about the litigation are located in New York ..."), *aff'd*, 521 F.3d 122 (2d Cir. 2008).

Second, since GTV is a Mexican entity, "New York's interests in having the dispute heard in this forum [is] 'considerably diminished.'"  *Paulo*, 2023 WL 2873257, at *29 (finding that even though New York was plaintiff's domiciliary, defendants were a French entity and Portuguese citizen such that New York's interest in adjudicating the dispute was considerably diminished); *see also Aero AG*, 2022 WL 6244439, at *12.

Third, Plaintiff has not shown why New York is more convenient or efficient than any alternative, and as a result, this factor weighs in favor of GTV.  *Sherwin-Williams Co. v. Avisep,*

*S.A. De. C.V.*, No. 14-CV-6227, 2016 WL 354898, at *5 (S.D.N.Y. Jan. 28, 2016) (dismissing complaint for lack of personal jurisdiction where plaintiffs failed to explain why New York was more convenient and efficient than other forums available and citing Mexico, whose laws govern the parties' agreement as the most suitable forum for settling contested issues of Mexican law); *see Aero AG*, 2022 WL 6244439, at *13; *Porina*, 2006 WL 2465819, at *8.

Fourth, "in evaluating the judicial system's interest in obtaining an efficient resolution, 'courts generally consider where witnesses and evidence are likely to be located.'" *Sherwin-Williams*, 2016 WL 354898, at *6 (quoting *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 574–75(2d Cir. 1996)). Given the presence of witnesses and documents for GTV in Mexico, and the absence of any showing that GTV's witnesses or evidence is located in New York, this factor "strongly favors declining jurisdiction[.]" *Sherwin-Williams*, 2016 WL 354898, at *6; *see also Paulo*, 2023 WL 2873257, at *29; *Aero AG Holdings, LLC*, 2022 WL 6244439, at *13.

Fifth, because Plaintiff asserts a copyright claim under United States law, the Court may recognize a "shared interest" in furthering substantive social policy, *i.e.*, protecting copyrights. *Paulo*, 2023 WL 2873257, at *29. However, Mexico also has copyright laws, and Plaintiff could seek to enforce its copyrights in that country. As such, this factor is, at most, neutral as to the reasonableness of the exercise of personal jurisdiction over GTV. *Aero AG Holdings, LLC*, 2022 WL 6244439, at *13.

Consideration of the five *Asahi* factors makes plain that it would be unreasonable for New York to assert specific jurisdiction in this case, and that to do so would violate the constitutional guarantee of due process. *See BWP Media USA Inc.*, 69 F. Supp. 3d at 349–50 (finding general jurisdiction over Florida corporation with its principal place of business in Florida to be inconsistent with due process).

17

**B.**     **The Amended Complaint Should be Dismissed for Failure to State a Claim under Rule 12(b)(6).**

### 1.     Legal Standard Governing Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).  The Court must accept as true all factual allegations and draw all reasonable inferences in Plaintiffs' favor, *see Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008), but it need not credit "mere conclusory statements," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks, citations and alterations omitted).

To satisfy Rule 8(a), "[a] properly plead[ed] copyright infringement claim must allege (1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts during what time the defendant infringed the copyright." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd without op.*, 23 F.3d 398 (2d Cir. 1994).  Given "the principle enshrined in Rule 8—namely, to provide defendants fair notice of the claims against them—a plaintiff ... may not rest on bare-bones allegations that infringement occurred." *Sharp v. Patterson*, No. 03 Civ. 8772, 2004 WL 2480426, *12 (S.D.N.Y. Nov. 3, 2004).  Instead, Rule 8 requires that the alleged infringing acts be stated with some specificity.  *Kelly*, 145 F.R.D. at 26

n.3.  Plaintiff has failed to meet the first and fourth requirements set out in *Kelly*, and the claim, as

pleaded, is therefore defective under Rule 8(a) and should be dismissed.

>   2.    **The FAC Fails to Adequately Plead Which Specific Works Are the Subjects of Plaintiff's Claim.**

The FAC fails to specify which specific works are the subjects of Plaintiff's copyright

claim, and thus, Plaintiff's allegations do not satisfy the first *Kelly* requirement.

The FAC identifies the "***photographic works*** at issue in litigation" to be Exhibit A —21

images —and defines these photographic works as "Copyrighted Works."  ECF 12 ¶ 20.[2]  And in

Exhibit B, Plaintiff provides a list of U.S. copyright registrations that allegedly cover the images

shown in Exhibit A.  However, Exhibits A and B are defective because they do not "connect the

dots" to show which photographs in Exhibit A are supposedly covered by the copyright

registrations listed in Exhibit B.  GTV thus cannot discern and is left to speculate as to whether

any of the alleged works shown in Exhibit A are in fact covered by the copyright registrations

listed in Exhibit B.  Exacerbating the ambiguity, the column "Author of Work" lists six different

photographers:  Zoey Grossman; Frank W. Ockenfels III; Vijat Mohindra; Michael Muller; Ruven

Afanador; and Nino Munoz, but the body of the FAC omits any reference to Zoey Grossman or

Michael Muller, and adds Mathias Vriens McGrath, who is not listed in Exhibit B.  ECF 12-2;

ECF 12.  Furthermore, although Plaintiff claims to be the "exclusive licensee of the copyrights in

and to the photographic works at issue in this litigation," FAC ¶ 20, it provides no copies of any

such license agreements with any of the "authors" listed in either Exhibit B or the body of the

FAC.

---

[2] Exhibit B merely lists copyright registration numbers and the corresponding title and author of
the work, but does not provide any information regarding what registration number covers which
Copyrighted Work, and thus, it is unclear whether the 21 images in Exhibit A are registered with
the United States Copyright Office.

In addition, Plaintiff's Exhibit C (which purports to be a list of GTV's 105 infringing webpages), creates even more ambiguity because the listed webpage addresses are not accompanied by any screenshots or other information specifying which of Plaintiff's copyrighted photographs were allegedly displayed on which webpages.   Moreover, a review of the 105 webpages reveals that 43 of the listed URLs are not live, display an error message and/or require a sign-in.  As a result, none of these URLs display an image identified in Exhibit A.  Vela Decl. ¶ 14.  Similarly, at least 22 other URLs do not display an image identified in Exhibit A.  *Id*. ¶ 15.

Courts have routinely dismissed these types of vague, expansive allegations as failing the first *Kelly* requirement.  *See, e.g., Cole v. John Wiley & Sons, Inc.,* No. 11 Civ.2090, 2012 WL 3133520, at *13 (S.D.N.Y. Aug. 1, 2012) (dismissing copyright infringement claim where Plaintiff's "expansive allegations regarding which works are the subject of Plaintiff's claims … [have] not satisfied the first requirement necessary to render his pleading sufficient"); *Plunket v. Doyle*, No. 99 Civ. 11006, 2001 WL 175252, at *4 (S.D.N.Y. Feb. 22, 2001) (dismissing complaint where plaintiff failed to specify which original works were the subject of her copyright claims, where she provided a multi-page schedule of certain works, with copyright registration numbers for nine of those works, but also contended in her complaint that her copyright claims were not limited to those works).

### 3.     Plaintiff Fails to Plead Infringement "By What Acts During What Time"

For similar reasons, Plaintiff has failed to adequately allege "by what acts during what time the defendant infringed the copyright" and therefore fails to meet the fourth *Kelly* pleading requirement.

### a. Plaintiff Fails to Specify What Acts GTV Allegedly Engaged In that Give Rise to Plaintiff's Claim.

Plaintiff claims that GTV committed infringement because the alleged "Copyrighted Works [were infringed] reproduced, distributed, used in the creation of derivative works, and publicly displayed . . . at a number of websites owned or controlled by Defendant," specifically the 105 URLs listed in a chart in Exhibit C.  ECF 12 ¶ 26.

However, those allegations are facially insufficient because they are not accompanied by any screenshots or other images that actually show that GTV used any of the Plaintiff's alleged copyrighted works.  In fact, of the 105 URLs listed in Exhibit C, 43 of them are disabled and thus are inaccessible, or require a sign-in.  As a result, none of these 43 URLs display any of the Plaintiff's asserted "Copyrighted Works."  Vela Decl. ¶ 14.  Similarly, at least 22 other URLs do not display an image identified in Exhibit A.  *Id.* ¶ 15.  In addition, 26 of the URLs are owned by a third-party that it is completely unrelated to GTV (namely, Instagram.com and www.erizos.mx).  *Id.* ¶¶ 16, 17.  Thus, with regard to at least 87 of the 105 URLs in Exhibit C, the FAC does not sufficiently plead "by what acts" the infringement occurred.  *See, e.g.*, *Lennon v. Seaman*, No. 99 CIV. 2664, 2002 WL 109525, at *6 (S.D.N.Y. Jan. 28, 2002) (finding that defendant failed to "identify 'by what acts' ... plaintiff infringed his copyright" where defendant alleged only that plaintiff "cop[ied], publish[ed], distribut[ed], [sold] and transferr[ed defendant's] [p]hotographs").

### b. The FAC is Devoid of Sufficient Allegations Regarding Time.

The FAC also fails to satisfy the fourth *Kelly* requirement because it contains no allegations regarding when GTV allegedly committed the infringing acts.  The only allegation in the FAC that addresses timing is a self-serving statement that Plaintiff acted diligently and that it is not surprised it didn't identify the alleged infringement between 2016 to 2020, ECF 12 ¶¶ 27, 28, but this statement fails to provide notice of the time period during which any infringing acts allegedly

occurred.  *See Jacobs v. Carnival Corp.*, No. 06 Civ. 0606, 2009 WL 856637, at \*5–6 (S.D.N.Y. Mar. 25, 2009) (dismissing complaint where plaintiff failed to allege during what time the defendants infringed the copyrights to their works where plaintiffs made no reference whatsoever to time in the Complaint).

A complaint, like Plaintiff's, that contains no reference to the alleged time of the infringement cannot survive a motion to dismiss.  *See Bitetto v. Rometty*, No. 17-CV-658, 2018 WL 941736, at \*2–3 (N.D.N.Y. Feb. 16, 2018) (finding "failure to coherently allege when Defendant allegedly infringed his copyright provides another basis for the Court to dismiss his infringement claim"); *LivePerson, Inc. v. 24/7 Customer, Inc.*, 83 F. Supp. 3d 501, 508 (S.D.N.Y. 2015) (dismissing complaint that failed to specify time of infringement); *Young-Wolff v. McGraw-Hill Cos.*, No. 13–CV–4372, 2014 WL 349711, at \*2 (S.D.N.Y. Jan. 31, 2014) (dismissing complaint where it failed to meet fourth pleading requirement where complaint did not contain a single date or reference to a time period and thus failed to specify during what time the defendant infringed the copyright); *Palmer Kane LLC v. Scholastic Corp.*, No. 12 CV 3890, 2013 WL 709276, at \*3 (S.D.N.Y. Feb. 27, 2013) ("Perhaps the most significant deficiency is the lack of specificity regarding a time period in which Scholastic infringed on Palmer Kane's works.").[3]

Accordingly, Plaintiff's FAC fails to state a claim under *Kelly*, and should be dismissed pursuant to Rule 12(b)(6).  *See, e.g., DiMaggio v. Int'l Sports Ltd.*, No. 97 Civ. 7767, 1998 WL

---

[3] Cole, 2012 WL 3133520, at \*13 ("Furthermore, Plaintiff's allegations are inadequate because Plaintiff fails to identify the time period during which any infringing acts occurred."); *Mahnke v. Munchkin Prods., Inc.*, No. 99Civ.4684, 2001 WL 637378, at \*5 (S.D.N.Y. June 7, 2001) (dismissing copyright infringement claim for failing to specify the dates or period of time during which defendant allegedly infringed); *Calloway v. Marvel Ent. Grp.*, No. 82 Civ. 8697, 1983 WL 1141, at \*3 (S.D.N.Y. June 30, 1983) (dismissing claims for failure to comply with the requirements of Rule 8(a), where the complaint failed, inter alia, to specify the dates on which the alleged infringements occurred).

549690, at *1–2 (S.D.N.Y. Aug. 31, 1998) (dismissing copyright infringement claim for failing to comply with *Kelly*).

### C.    <u>Plaintiff's Claim is Time-Barred by the Applicable Statute of Limitations.</u>

Plaintiff's copyright infringement claim was brought pursuant to the Copyright Act, Section 507(b), which explicitly provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."  17 U.S.C. § 507(b).  However, Plaintiff fails to plead facts showing that the FAC was timely filed. In this regard, the FAC does not allege any dates for when Plaintiff (or the "authors" of the asserted works) supposedly obtained registrations with the United States Copyright Office, any dates for when Plaintiff supposedly became the "exclusive licensee" of the works, any dates for when the allegedly infringing conduct took place, or any dates for when Plaintiff supposedly first discovered the alleged conduct.  The FAC's complete dearth of allegations regarding these facts warrants dismissal of the claim as time-barred.  *See, e.g.*, *Michael Grecco Prods. v. Radesign, Inc.,* No. 21-CV-8381,  2023  WL 4106162, at *1–4 (S.D.N.Y. June 20, 2023) (dismissing copyright infringement claim as time-barred where plaintiff failed to allege facts plausibly supporting that its copyright infringement claim fell within the three-year statute of limitations), *appeal filed*, No. 23-1078 (2d Cir. July 20, 2023); *see also Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461, 466–67 (S.D.N.Y. 2019) (dismissing claim as to 24 photographs as time barred where the 24 photographs were allegedly used more than three years prior to filing of the original complaint and defendant provided no explanation for its delayed filing of the lawsuit beyond allegation that it had no reason to discover the alleged infringement prior to 2017).

### D.    <u>Plaintiff Has Failed to Plead Its Standing Under 17 U.S.C. § 501(b).</u>

The Copyright Act provides that "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled ... to institute an action for any infringement of that particular right

committed while he or she is the owner of it."  17 U.S.C. § 501(b).  The Second Circuit has

interpreted § 501(b) to limit standing to two types of claimants: (1) owners of copyrights, and (2)

persons who have been granted exclusive licenses by owners of copyrights.  *John Wiley & Sons,*

*Inc. v. DRK Photo*, 998 F. Supp. 2d 262, 276 (S.D.N.Y. 2014), *aff'd*, 882 F.3d 394 (2d Cir. 2018)

Here, Plaintiff alleges that it is the exclusive licensee of the copyrights in and to the

photographic works at issue in this litigation.  ECF 12 ¶ 20.  However, in order for Plaintiff "to

have standing to sue for copyright infringement, the [alleged] copying must have infringed one of

the rights exclusively licensed to [plaintiff] ***at the time of [the] infringement***." *Silberman v.*

*Innovation Luggage, Inc.*, No. 01 Civ. 7109(GEL),  2003 WL 1787123, at *10–11 (S.D.N.Y. Apr.

3, 2003) (emphasis added).  Plaintiff's FAC thus fails to sufficiently plead its standing because it

provides no date specifying when it allegedly became the exclusive licensee of the asserted

copyrighted works.  *See Palatkevich v. Choupak*, Nos. 12 Civ. 1681, 12 Civ. 1682, 2014 WL

1509236, at *1, *8 (S.D.N.Y. Jan. 24, 2014) (dismissing complaint—which the court characterized

as a "mess" replete with "disorganized and scattershot statements masquerading as a pleading"

because it failed to "adequately allege that [the plaintiffs] were owners of copyrights in the works

at the time of the infringement"); *see also Stubby Strip, LLC v. Food Mkt. Merch., Inc.*, No. 15-

cv-1410, 2016 WL 5374116, at *3 (N.D.N.Y. Sept. 26, 2016).

### E.  <u>Plaintiff Cannot Cure the Jurisdictional Defects and the Complaint Should be Dismissed With Prejudice.</u>

Dismissal without leave to amend is appropriate here because the FAC's deficiencies

cannot be cured by amendment.  Indeed, in copyright infringement cases, courts routinely deny

leave to amend when dismissing complaints for lack of personal jurisdiction as well as for failure

to state a claim.  *Castro v. Cusack*, No. 15-cv-6714, 2019 WL 3385218, at *9 (E.D.N.Y. July 26,

2019) (dismissing amended complaint with prejudice where "there is absolutely no indication that

[plaintiff] could remedy the complaint's defects"); *Lane v. Knowles-Carter*, No. 14 Civ. 6798, 2015 WL 6395940, at *8 (S.D.N.Y. Oct. 21, 2015) (granting motion to dismiss copyright claim with prejudice); *see also Barricade Books, Inc. v. Langberg*, No. 95 CIV. 8906, 2000 WL 1863764, at *10 (S.D.N.Y. Dec. 19, 2000) (same).

IV.   **CONCLUSION**

For the reasons discussed herein, Defendant GTV respectfully requests that this Motion to Dismiss the FAC be granted with prejudice.

Dated: November 22, 2023                 Respectfully submitted,

By:      /s/ *Ariel Peikes*
             Ariel Peikes
             ArentFox Schiff LLP
             1301 Avenue of the Americas, 42nd Floor
             New York, NY 10019
             Tel.: (212) 457-5442
             Email: ariel.peikes@afslaw.com

             Ross Panko (*pro hac vice*)
             ArentFox Schiff LLP
             1717 K Street, NW
             Washington, DC 20006
             Tel: (202) 857-6090
             Email: ross.panko@afslaw.com

             *Attorneys for Defendant Grupo Televisa, S.A.B.*