**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

CREATIVE PHOTOGRAPHERS, INC.,

                    Plaintiff,

     v.

GRUPO TELEVISA, S.A.B.,
TELEVISAUNIVISION, INC.,
UNIVISION HOLDINGS, INC.,
UNIVISION HOLDINGS II, INC., and
UNIVISION COMMUNICATIONS, INC.

              Defendants.

Case No. 1:23-cv-07106-LJL

**DEFENDANT GRUPO TELEVISA, S.A.B.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Ross Q. Panko (admitted *pro hac vice*)
ArentFox Schiff LLP
1717 K Street, NW
Washington, DC 20006
Tel: (202) 857-6090
Email: ross.panko@afslaw.com

Ariel Peikes
ArentFox Schiff LLP
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
Tel.: (212) 457-5442
Email: ariel.peikes@afslaw.com

*Attorneys for Defendant Grupo Televisa, S.A.B.*

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ........................................................................................................1

II.  RELEVANT PROCEDURAL HISTORY ....................................................................1

III.  LEGAL ARGUMENT ................................................................................................5

    1.  The SAC Fails to Establish Personal Jurisdiction over GTV. ............................5

        A.  Legal Standard Governing Rule 12(b)(2) ................................................5

        B.  Plaintiff Has Failed to Plead General Personal Jurisdiction over GTV, a Foreign Entity that Is Not Incorporated or Headquartered in New York .................................................................................................6

        C.  Plaintiff Has Failed to Plead Specific Jurisdiction over GTV in New York ....................................................................................................7

            i. There is No Specific Jurisdiction Over GTV Under N.Y. C.P.L.R. § 302(a)(1) Because Plaintiff's Claims do Not Arise from the Alleged Business Transactions. ...........................7

            ii. There is No Specific Jurisdiction Over GTV Under N.Y. C.P.L.R. § 302(a)(2) Because GTV is Not Physically Present in New York and Did Not Commit A Tortious Act Within New York .................................................................................11

            iii. There is No Specific Jurisdiction Over GTV Under N.Y. C.P.L.R. § 302(a)(3) Because GTV Did Not Commit a Tortious Act or Cause Injury to Any Person or Property Within New York .................................................................................12

            iv. The Exercise of Jurisdiction Over GTV under N.Y. CPLR § 301(a) Would Not Comport with Due Process ...........................14

            v. Plaintiff Fails To Establish That The Court Has Jurisdiction Over GTV Pursuant to Fed. R. Civ. P. 4(k)(2) ........................16

            vi. Personal Jurisdiction Over GTV is Not Conferred by its Agent for Process in New York Having Been Served with the Complaint and Summons ...........................................................20

            vii. Personal Jurisdiction Over GTV is Not Conferred by its Stock Being Listed on the New York Stock Exchange. .......................21

    2.  The SAC Must be Dismissed Pursuant to Rule 12(b)(6) because it Fails to State a Claim Against GTV Under a Theory of Alter-Ego Liability ................22

        A.  Plaintiff Improperly Sues GTV for the Alleged Infringing Activity of its Subsidiary, Editorial Televisa S.A. de C.V. ..................................22

        B.  Plaintiff Fails to Meet the Standard for Piercing the Corporate Veil to Establish Alter-Ego Liability ......................................................22

# TABLE OF CONTENTS
(continued)

**Page**

3.  The SAC Includes Improper "Group Pleading" in violation of Fed. R. Civ. P. 8(a) ............................................................................................... 24

4.  Plaintiff Cannot Cure the Jurisdictional Defects and the Complaint Should be Dismissed With Prejudice ................................................. 28

IV.   CONCLUSION ........................................................................................................ 28

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re "Angeln" GmBH & Co. KG,*
510 Fed.Appx. 90 (2d Cir. 2013) ...................................................................... 16, 17

*Aero AG Holdings, LLC v. Huggoes Fashion LLC,*
No. 21 Civ. 9499, 2022 WL 6244439 (S.D.N.Y. July 5, 2022), *R. & R.
adopted as modified*, 2022 WL 4463896 (S.D.N.Y. Sept. 26, 2022) ............................ 15, 16

*Allojet PLC v. Vantage Assocs.,*
2005 WL 612848 (S.D.N.Y. Mar. 15, 2005) ................................................................ 3, 18

*In re Aluminum Warehousing Antitrust Litig.,*
90 F. Supp. 3d 219 (S.D.N.Y. 2015) ........................................................................... 17

*Am. Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp.,*
439 F.2d 428 (2d Cir. 1971) ....................................................................................... 13

*Asahi Metal Indus. Co. v. Super. Ct. of Cal.,*
480 U.S. 102 (1987) ................................................................................ 14, 16, 18

*Atuahene v. City of Hartford,*
10 Fed. App'x 33 (2d Cir. 2001) ................................................................................ 24

*Aybar v. Aybar,*
37 N.Y.3d 274 (2021) ..................................................................................... 20, 21

*Barricade Books, Inc. v. Langberg,*
No. 95 CIV. 8906, 2000 WL 1863764 (S.D.N.Y. Dec. 19, 2000)......................................... 28

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ...................................................................................................... 3

*Berdeaux v. OneCoin Ltd.,*
561 F. Supp. 3d 379 (S.D.N.Y. 2021) .......................................................................... 7

*Bigio v. Coca–Cola Co.,*
675 F.3d 163 (2d Cir. 2012) ........................................................................................ 23

*Brown v. Lockheed Martin Corp.,*
814 F.3d 619 (2d Cir. 2016) ........................................................................................ 6

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC,*
69 F. Supp. 3d 342 (S.D.N.Y. 2014)............................................................................ 5

*Canon U.S.A., Inc. v. F & E Trading LLC*,
   No. 215CV6015(DRH)(AYS), 2017 WL 4357339 (E.D.N.Y. Sept. 29, 2017) .................. 24

*Carlson v. Cuevas*,
   932 F. Supp. 76 (S.D.N.Y. 1996) ........................................................................ 11

*Castro v. Cusack*,
   No. 15-cv-6714, 2019 WL 3385218 (E.D.N.Y. July 26, 2019)................................... 28

*Chaplin v. Kido Indus. Co.*,
   2011 WL 2421309 (S.D.N.Y. June 7, 2011) ........................................................... 9

*Chloe v. Queen Bee of Beverly Hills, LLC*,
   616 F.3d 158 (2d Cir.2010)................................................................................ 14

*Chufen Chen v. Dunkin' Brands, Inc.*,
   954 F.3d 492 (2d Cir. 2020)............................................................................... 21

*Citigroup Inc. v. City Holding, Co.*,
   97 F.Supp.2d 549 (S.D.N.Y. 2000) ..................................................................... 10

*Conrad v. Latido Mitu Holdings, LLC*,
   No. 21-cv-03596, 2021 WL 5909656 (S.D.N.Y. Dec. 10, 2021) ........................... 10

*Creative Photographers, Inc. v. Grupo Televisa, S.A.B.*,
   No. 23-CV-7106 (LJL), 2024 WL 1533189 (S.D.N.Y. Apr. 8, 2024) .................. 8, 9, 14, 19

*Custom Truck One Source, LP v. Clearway Indus., LLC*,
   81 Misc. 3d 1239(A), 202 N.Y.S.3d 922 (N.Y. Sup. Ct. 2024)............................ 21

*Deer Consumer Products, Inc. v. Little*,
   35 Misc.3d 374 (Sup. Ct. 2012) ......................................................................... 21

*DirecTV Latin Am., LLC v. Park 610, LLC*,
   691 F. Supp. 2d 405 (S.D.N.Y. 2010).................................................................. 11

*Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*,
   722 F.3d 81 (2d Cir. 2013)................................................................................ 19

*Fantis Foods, Inc. v. Standard Importing Co.*,
   49 N.Y.2d 317 (N.Y. 1980) ............................................................................... 12

*Ferro v. Ry. Express Agency, Inc.*,
   296 F.2d 847 (2d Cir.1961)............................................................................... 24

*Fort Knox Music Inc. v. Baptiste*,
   203 F.3d 193 (2d Cir. 2000)................................................................................ 5

*Freeplay Music, Inc. v. Cox Radio, Inc.*,
  No. 04 Civ. 5238, 2005 WL 1500896 (S.D.N.Y. June 23, 2005) ........................... 9

*Freeplay Music, LLC v. Dave Arbogast Buick-GMC, Inc.*,
  16 Civ. 442 (NRB), 2017 WL 449913 (S.D.N.Y. Jan. 18, 2017) ................................. 12, 13

*Freeplay Music, LLC v. Nian Infosolutions Private Ltd.*,
  No. 16 Civ. 5883 (JGK) (RWL), 2018 WL 3639929 (S.D.N.Y. July 10,
  2018), report and recommendation adopted, No. 16 Civ. 5883 (JGK), 2018
  WL 3632524 (S.D.N.Y. July 31, 2018) ........................................................................ 13, 14

*Freeplay Music, LLC v. Rigol Techs. USA, Inc.*,
  No. 18 CIV. 10980 (ER), 2020 WL 564232 (S.D.N.Y. Feb. 4, 2020) ........................... 12, 14

*Gartner v. Snyder*,
  607 F.2d 582 (2d Cir.1979) ........................................................................................ 23

*Gilson v. Pittsburgh Forgings Co.*,
  284 F. Supp. 569 (S.D.N.Y. 1968) .............................................................................. 21

*Gmurzynska v. Hutton*,
  257 F. Supp. 2d 621 (S.D.N.Y. 2003), *aff'd*, 355 F.3d 206 (2d Cir. 2004) ................ 5

*Harte v. Ocwen Fin. Corp.*,
  No. 13CV5410MKBRER, 2016 WL 11120941 (E.D.N.Y. Mar. 11, 2016),
  report and recommendation adopted in part, No. 13CV5410MKBRER, 2016
  WL 1275045 (E.D.N.Y. Mar. 31, 2016), and report and recommendation
  adopted, No. 13-CV-5410 MKB RER, 2016 WL 3647687 (E.D.N.Y. July 1,
  2016) ........................................................................................................................... 23

*Hartford Fire Ins. Co. v. Maersk Line*,
  No. 18-cv-121, 2019 WL 4450639 (S.D.N.Y. Sept. 17, 2019) .................................... 6

*Holmes v. Allstate Corp.*,
  No. 11 CIV. 1543 (LTS) (DF), 2012 WL 627238 (S.D.N.Y. Jan. 27, 2012),
  report and recommendation adopted, 2012 WL 626262 (S.D.N.Y. Feb. 27,
  2012) ........................................................................................................................... 24

*Ikeda v. J. Sisters 57, Inc.*,
  No. 14 Civ. 3570 (ER), 2015 WL 4096255 (S.D.N.Y. July 6, 2015) ........................... 12

*Krisko v. Marvel Ent., LLC*,
  473 F. Supp. 3d 288 (S.D.N.Y. 2020) .......................................................................... 11

*Lane v. Knowles-Carter*,
  No. 14 Civ. 6798, 2015 WL 6395940 (S.D.N.Y. Oct. 21, 2015) ................................ 28

*Licci v. Lebanese Canadian Bank*,
    673 F.3d 50 (2d Cir.2012)........................................................................... 14

*MacDermid, Inc. v. Deiter*,
    702 F.3d 725 (2d Cir. 2012)......................................................................... 5

*Meehan v. VIPKid*,
    2023 WL 7001363 (E.D.N.Y. Aug. 29, 2023)............................................. 9

*Megna v. Biocomp Lab'ys Inc.*,
    166 F. Supp. 3d 493 (S.D.N.Y. 2016)............................................... 9, 10, 11

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
    84 F.3d 560(2d Cir. 1996)............................................................................ 15

*Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*,
    531 F. Supp. 3d 673 (S.D.N.Y. 2021)......................................................... 24

*Moreau v. RPM, Inc.*,
    799 N.Y.S.2d 113 (2d Dep't 2005) .............................................................. 9

*Matter of Morris v. New York State Dept. of Taxation & Fin.*,
    82 N.Y.2d 135, 603 N.Y.S.2d 807, 623 N.E.2d 1157 (N.Y. 1993) ........... 23

*NewMarkets Partners LLC v. Oppenheim*,
    638 F.Supp.2d 394 (S.D.N.Y. 2009)........................................................... 17

*Ochre LLC v. Rockwell Architecture Plan. & Design, P.C.*,
    No. 12 CIV. 2837 KBF, 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012), aff'd,
    530 F. App'x 19 (2d Cir. 2013)................................................................... 25

*OOO v. Empire United Lines Co., Inc.*,
    557 Fed.Appx. 40 (2d Cir. 2014)................................................................ 23

*Paulo v. Agence France-Presse*,
    No. 21 Civ. 11209, 2023 WL 2873257 (S.D.N.Y. Jan. 19, 2023), *R. & R.*
    *adopted*, 2023 WL 2707201 (S.D.N.Y. Mar. 30, 2023) ..................... 14, 16

*PDK Labs, Inc. v. Friedlander*,
    103 F.3d 1105 (2d Cir. 1997)....................................................................... 5

*Plusgrade L.P. v. Endava Inc.*,
    No. 1:21-CV-1530 (MKV), 2023 WL 2402879 (S.D.N.Y. Mar. 8, 2023)........... 24

*Poms v. Dominion Diamond Corp.*,
    No. 655733/2017, 2019 WL 2106090 (N.Y. Sup. Ct. May 15, 2019)................... 21

*Porina v. Marward Shipping Co., Ltd.*,
   521 F.3d 122 (2d Cir. 2008)..................................................................16, 17

*Porina v. Marward Shipping Co.*,
   No. 05 CIV. 5621, 2006 WL 2465819 (S.D.N.Y. Aug. 24, 2006), *aff'd*, 521
   F.3d 122 (2d Cir. 2008)...........................................................................15

*Qudsi v. Larios*,
   173 A.D.3d 920 (N.Y. App. Div. 2019) ....................................................6

*Ritchie v. Northern Leasing Systems*,
   14 F. Supp. 3d 229 (S.D.N.Y. 2014)........................................................24

*In re Roman Catholic Diocese of Albany, N.Y., Inc.*,
   745 F.3d 30 (2d Cir. 2014).......................................................................6

*Royalty Network Inc. v. Dishant.com, LLC*,
   638 F. Supp. 2d 410 (S.D.N.Y. 2009)......................................................9

*In re S. Afr. Apartheid Litig.*,
   643 F. Supp. 2d 423 (S.D.N.Y. 2009)......................................................18

*Sherwin-Williams*, 2016 WL 354898.............................................................15, 16

*Simmons v. Abruzzo*,
   49 F.3d 83 (2d Cir.1995)..........................................................................24

*Sole Resort, S.A. de C.V. v. Allure Resort Mgmt., LLC*,
   450 F.3d 100 (2d Cir. 2006).....................................................................7

*Sonera Holding B.V. v. Çukurova Holding A.Ş.*,
   750 F.3d 221 (2d Cir. 2014).....................................................................5, 6

*Stormhale, Inc. v. Baidu.com, Inc.*,
   675 F. Supp. 2d 373 (S.D.N.Y. 2009)......................................................20, 21

*TAGC Mgmt., LLC v. Lehman*,
   No. 10 CIV. 06563 RJH, 2011 WL 3796350 (S.D.N.Y. Aug. 24, 2011) ............17

*In re Terrorist Attacks on Sept. 11, 2001*,
   714 F.3d 659 (2d Cir. 2013).....................................................................19

*TNS Holdings, Inc. v. MKI Sec. Corp.*,
   92 N.Y.2d 335, 703 N.E.2d 749 (1998)...................................................23

*United States v. Bestfoods*,
   524 U.S. 51, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998)...............................23

*Vaval v. Stanco, LLC,*
    219 A.D.3d 1466, 196 N.Y.S.3d 751 (NY 2023) ...................................................... 21

*Wahlhuetter*, 2021 WL 6205506 ............................................................................................. 7

*Walkovszky v. Carlton,*
    18 N.Y.2d 414, 276 N.Y.S.2d 585, 223 N.E.2d 6 (N.Y. 1966) ........................... 23

*Wiwa v. Royal Dutch Petroleum Co.,*
    226 F.3d 88 (2d Cir. 2000) ............................................................................................ 22

**Statutes**

17 U.S.C. § 101 .......................................................................................................... 2, 5

**Other Authorities**

BCL § 1301(a) ................................................................................................................ 21

Fed. R. Civ. P. 4(k)(2) .......................................................................................... *passim*

Fed. R. Civ. P. 8(a) .................................................................................................... 1, 24

Fed. R. Civ. P. 12(b)(2) ........................................................................................ 2, 3, 5

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 2, 22

N.Y. C.P.L.R. § 301 .......................................................................................................... 6

N.Y. C.P.L.R. § 301(a) ................................................................................................ 14

N.Y. C.P.L.R. § 302(a) ...................................................................................... 6, 7, 9

N.Y. C.P.L.R. § 302(a)(1) ........................................................................ 7, 8, 9, 10

N.Y. C.P.L.R. § 302(a)(2) ........................................................................................ 7, 11

N.Y. C.P.L.R. § 302(a)(3) ................................................................................ 7, 12, 13

N.Y. C.P.L.R. § 302(a)(3)(ii) .................................................................................... 13

Defendant Grupo Televisa, S.A.B. ("GTV"), by its undersigned attorneys, respectfully submits this memorandum of law in support of its Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC" or "ECF 46").  The grounds for the Motion to Dismiss are: (1) lack of personal jurisdiction over GTV; (2) failure to state a claim against GTV, including improperly seeking to hold GTV accountable for the alleged acts of a corporate subsidiary without pleading facts for alter-ego liability; and (3) improper "group pleading" in violation of Fed. R. Civ. P. 8(a).

## I.       INTRODUCTION

The SAC consists of conclusory, vague, and disjointed allegations against GTV, a Mexican company with no physical presence in New York.  In addition, Plaintiff's substantive allegations of "copyright infringement" do not plead specific jurisdiction or state a claim for relief because: (1) the allegedly infringing "URLs" are not URLs at all and, therefore, are inaccessible, relate to websites that are owned by unrelated third-parties, or to web domains and addresses that do not exist; and (2) to the extent that the websites exist and are accessible, they clearly target Mexican (not United States) consumers.

In addition, Plaintiff seeks to hold GTV liable for the acts of a corporate subsidiary but has not pleaded facts that would support alter-ego liability.  Furthermore, the SAC engages in improper group pleading, thereby depriving the Defendants of notice of what conduct and what acts of copyright infringement is alleged against each of them, individually and/or contributorily.

## II.      RELEVANT PROCEDURAL HISTORY

In August 2023, Plaintiff filed the instant copyright lawsuit against GTV.  ECF 1.  Pursuant to the Parties' consent, Plaintiff filed its First Amended Complaint ("FAC") on November 2,  2023.  ECF Nos. 11-12.  The FAC alleged that GTV infringed the copyrights in twenty-one (21) photographs, for which Plaintiff is the exclusive licensee. ECF 12.  In the FAC, Plaintiff alleged that such infringement occurred at 105 uniform resource locators ("URLs") on the Internet, across

numerous websites. *See* ECF 12-3.  Plaintiff further alleged that the URLs and websites are "hosted from servers owned or controlled by Defendant and located in the United States." ECF 12 ¶ 4. The FAC further alleged that the infringing content was "published by [GTV's] subsidiary Editorial Televisa SA De CV." *Id.*  The FAC claimed that, therefore, GTV is liable for "Direct Copyright Infringement" in violation of "17 U.S.C. § 101 *et. seq.*" *Id.* ¶¶ 36-44.

On November 22, 2023, GTV moved to dismiss the FAC *inter alia* pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction over GTV and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. ECF No. 21. GTV emphasized that it is a Mexican corporation, with no office or property in New York, and that it has not done business in New York with regard to any of the allegedly infringing content or the accused websites. ECF 23 ¶¶ 8-9, 14-25 and ECF 31 ¶ 5.

GTV rebutted the FAC's "fact" allegations, especially through the Declarations of Liliana Martinez Vela, the Legal Director of Corporate and Finance for GTV. ECF Nos. 23 and 31 (collectively, the "Vela Declarations").  Vela <u>directly</u> contradicted the FAC's allegations that the 105 URLs identified in the FAC are "hosted from servers owned or controlled by Defendant and located in the United States."  Vela affirmed that <u>none</u> of the subject websites and URLs are hosted or controlled by GTV.  Some of the websites relate to print magazines distributed by "Editorial Televisa S.A. de C.V.", a subsidiary entity of GTV, *but not GTV itself.*  Editorial Televisa only does business in Mexico and in Latin America, and Vela testified that "GTV is not responsible for the selection and use of the content displayed" on these websites. ECF 23 ¶¶ 14-25.  With regard to other websites identified by Plaintiff, GTV has no involvement.  *See id.*  Furthermore, Vela affirmed that "GTV has not contracted or otherwise transacted business with TelevisaUnivision or Univision concerning the allegedly infringing content at issue" – not in New York or anywhere else.  ECF 31 ¶ 5.

Plaintiff did not challenge the Vela Declarations with its own affidavits, declarations or exhibits.  Plaintiff only submitted one declaration in support of its opposition to GTV's Motion to Dismiss the FAC, and it was from Plaintiff's Counsel, Mr. Parker, who said that Plaintiff "believes" that the subject URLs are "owned or controlled by Defendant." ECF 29 ¶ 3.  No evidence was offered from Plaintiff in support its stated belief.

On April 8, 2024, this Court dismissed the FAC pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction over Defendant GTV.  ECF 41.  In reaching its decision, the Court relied on the Parties' pleadings and submitted declarations. *See id*.  In particular, the Court explained that "Plaintiff does not rebut Defendant's assertion that '[Grupo Televisa] has not contracted or otherwise transacted business with TelevisaUnivision or Univision concerning the allegedly infringing content at issue in this case.'" *Id.* (quoting the Second Vela Declaration).  The Court further noted that "[w]here a Defendant 'rebuts a plaintiff's unsupported allegations with direct, highly specific, testimonial evidence regarding a fact essential to jurisdiction—and the plaintiff does not counter that evidence—the allegation may be deemed refuted.'" *Id*. (quoting *Allojet PLC v. Vantage Assocs*., 2005 WL 612848, at *3 (S.D.N.Y. Mar. 15, 2005)).  The Court therefore dismissed the FAC because it offered only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertion[s]" devoid of "further factual enhancement." *See id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Plaintiff's SAC suffers from the same defects as the FAC and should be dismissed for the same reasons.  In the SAC, Plaintiff attempts to prop up its deficient complaint by adding nearly 100 paragraphs of text and four new defendants, but none of those superficial changes can save the SAC from dismissal.  In this regard, the SAC  makes allegations regarding the same allegedly infringed 21 photographs, at 110 URLs (across nearly 20 websites), and by five (5) Defendants

(four new Defendants, in addition to GTV).  *See* ECF 46 ¶ 47; ECF 46-1; ECF 46-2; and ECF 46-3.  The four new Defendants are TelevisaUnivision, Inc., Univision Holdings, Inc., Univision Holdings II, Inc., and Univision Communications, Inc. While the FAC contained 44 paragraphs, the SAC contains 142 paragraphs – many of which are contradicted by the Vela Declarations, which Plaintiff *could* have consulted in drafting its SAC, but apparently did not.

Just like the defective FAC, Plaintiff's SAC does not include an affidavit, declaration or any other evidence to rebut the Vela Declarations.  Again, the First Vela Declaration was clear that, to the extent  that any of the cited websites even relates to GTV, they were operated by a GTV subsidiary, Editorial Televisa, and not by GTV itself.  ECF 23 ¶¶ 18-20, 23-24.  And in the SAC, Plaintiff alleges that GTV is responsible for websites to which GTV has no relationship, including instagram.com,[1] erizos.mx, www.sectorcine.com and telehit.com. ECF 46 ¶ 47.  The First Vela Declaration already rebutted those allegations, stating that GTV "does not own, operate or manage" these four domains and "is not responsible for the selection and use of the content displayed" there. ECF 23 ¶¶ 16-17, 21-22.

Moreover, the SAC alleges infringement by GTV at domains that do not exist, including at "st1.uvnimg.com."  *See*  ECF  46  ¶  47;  Peikes  Decl.  ¶  6.   There  is  no  valid  domain  at "st1.uvnimg.com" or at "uvnimg.com".  Peikes Decl. ¶ 6.

Plaintiff  accuses  GTV  of  copyright  infringement  at  www.univision.com  and www.tudn.com (*See* ECF 46 ¶ 47 – listing "websites which were used by GTV prior to 2022"), even though it is obvious that these domains have been owned by Univision, not GTV.  The

---

[1] Apparently, Plaintiff is convinced that GTV manages Christina Aguilera's Instagram page. GTV does not.

WHOIS.com registry shows that these domains are owned by "Univision Communications, Inc." and "UniVision Interactive Media, Inc.," and not by GTV.  Peikes Decl. ¶ 7 and Exs. 3 and 4.

In sum, the SAC is comprised of conclusory allegations and purported "facts" that are squarely refuted by the Vela Declarations.  Many of Plaintiff's "beliefs" are pleaded, without support, in order to try to manufacture jurisdiction over five corporate Defendants.  Thus, the SAC resembles spaghetti thrown at the wall – *perhaps* something might stick.  However, as a matter of law, the SAC must be dismissed with prejudice.

## III.   LEGAL ARGUMENT

### 1.   <u>The SAC Fails to Establish Personal Jurisdiction over GTV.</u>

#### A.   Legal Standard Governing Rule 12(b)(2)

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(2) when a plaintiff has not met its burden of pleading personal jurisdiction.  *See BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 349–50 (S.D.N.Y. 2014); *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012)). When assessing a Rule 12(b)(2) motion, the Court is under no obligation to accept the allegations in a complaint as true, and may consider evidence presented in affidavits or by other means.  *MacDermid,* 702 F.3d at 727.  Moreover, "conclusory allegations are not enough to establish personal jurisdiction." *Gmurzynska v. Hutton*, 257 F. Supp. 2d 621, 625 (S.D.N.Y. 2003) (citation omitted), *aff'd*, 355 F.3d 206 (2d Cir. 2004). Assessing personal jurisdiction over a foreign defendant involves a two-part analysis. *Sonera Holding B.V. v. Çukurova Holding A.Ş.*, 750 F.3d 221, 224 (2d Cir. 2014).  First, the court must determine whether the defendant is subject to jurisdiction under the law of the forum state—here, New York[2]— and

---

[2] The court in a federal question case "applies the forum state's personal jurisdiction rules," unless a federal statute "specifically provide[s] for national service of process." *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997) (internal quotation marks omitted). Because the "Copyright Act, 17 U.S.C. § 101 *et seq.*, does not provide for national service of process," *Fort*

second, whether the exercise of jurisdiction comports with due process. *Sonera Holding*, 750 F.3d at 224. Here, Plaintiff's allegations fail both prongs of the test. Additionally, Plaintiff fails to establish that personal jurisdiction over GTV exists pursuant to Fed. R. Civ. P. 4(k)(2).

> **B.     Plaintiff Has Failed to Plead General Personal Jurisdiction over GTV, a Foreign Entity that Is Not Incorporated or Headquartered in New York**

Under New York law, "a foreign corporation is subject to general personal jurisdiction in New York if it is 'doing business' in the state." N.Y. C.P.L.R. § 301. Under "'modern jurisprudence,' New York typically exercises general jurisdiction only over … corporations that are either incorporated or have a principal place of business in New York." *Hartford Fire Ins. Co. v. Maersk Line*, No. 18-cv-121, 2019 WL 4450639, at *5 (S.D.N.Y. Sept. 17, 2019) (quoting *Qudsi v. Larios*, 173 A.D.3d 920, 922 (N.Y. App. Div. 2019)); *see also Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) ("except in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business." (Citing *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 39–41 (2d Cir. 2014)).

Here, Plaintiff *concedes* that general jurisdiction does not exist over GTV in New York. ECF 46 ¶ 15. Plaintiff admits that GTV "is not subject to *general jurisdiction in any one state in the United States.*" *Id*. Because Plaintiff has conceded the issue, no general jurisdiction can be found over GTV in New York.

---

*Knox Music Inc. v. Baptiste*, 203 F.3d 193, 196 (2d Cir. 2000), New York's long-arm statute, N.Y. C.P.L.R. § 302(a), governs the instant action.

### C.    Plaintiff Has Failed to Plead Specific Jurisdiction over GTV in New York

Plaintiff also did not, and cannot, validly plead that GTV is subject to specific personal jurisdiction in New York.  New York's long-arm statute provides that a court may exercise personal jurisdiction over any non-domiciliary in three enumerated circumstances. *See generally* N.Y. C.P.L.R. § 302(a).  The SAC seeks to invoke personal jurisdiction pursuant to N.Y. C.P.L.R. §§ 302(a)(1) and (a)(3).[3]

#### i. There is No Specific Jurisdiction Over GTV Under N.Y. C.P.L.R. § 302(a)(1) Because Plaintiff's Claims do Not Arise from the Alleged Business Transactions.

Under Section 302(a)(1), "a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent … transacts any business within the state or contracts anywhere to supply goods or services in the state."  N.Y. C.P.L.R. § 302(a)(1).  To determine the existence of jurisdiction under section 302(a)(1), the court evaluates (1) whether the defendant transacts any business in New York and, if so, (2) **whether the cause of action arises from such a business transaction**. *Berdeaux v. OneCoin Ltd.*, 561 F. Supp. 3d 379, 399 (S.D.N.Y. 2021) (emphasis added).

To satisfy the second prong under Section 302(a)(1), Plaintiff must plead that the alleged copyright infringement arises from GTV's business transactions in New York.  Plaintiff must demonstrate an articulable nexus, or a substantial relationship, between the copyright infringement and GTV's actions in New York.  *See Wahlhuetter*, 2021 WL 6205506, at *5 (quoting *Sole Resort, S.A. de C.V. v. Allure Resort Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006)).  "A connection that is 'merely coincidental' is insufficient to support jurisdiction." *Sole Resort, S.A. de C.V.*, 450 F.3d at 103 (collecting cases in which "the event giving rise to the plaintiff's injury had, at best, a

---

[3] The SAC makes no mention of proposed personal jurisdiction under § 302(a)(2). *See* 46 ¶¶ 29-76.

tangential relationship to any contacts the defendant had with New York" and therefore jurisdiction did not exist under § 302(a)(1)).

The SAC fails to establish an articulable nexus between GTV's New York business transactions and the alleged copyright infringement for the following reasons:

First, Vela testified that: "GTV has not contracted or otherwise transacted business with TelevisaUnivision or Univision concerning the allegedly infringing content at issue in this case." ECF 31 ¶ 6. Vela further testified that: "GTV does not direct any advertising specifically toward New York or U.S. residents, nor does it advertise in any publication that is directed primarily toward New York or U.S. residents." ECF 23 ¶ 9. The Plaintiff's "fact" allegations to the contrary are unsupported by any affidavit, declaration or documentary evidence, and therefore must be deemed refuted. *See Creative Photographers, Inc. v. Grupo Televisa, S.A.B.,* No. 23-CV-7106 (LJL), 2024 WL 1533189, at *8 (S.D.N.Y. Apr. 8, 2024). Consequently, Plaintiff has not established that GTV engaged in business activities in New York with TelevisaUnivision or any of the three "Univision" entities with respect to the subject URLs, websites, or the allegedly infringing content.

Second, Vela testified that, to the extent that GTV had *any* relationship to the allegedly infringing URLs, the subject websites were operated by GTV's corporate subsidiary, Editorial Televisa S.A. de C.V. Editorial Televisa was a Mexican corporate subsidiary of GTV that operated in Mexico, and not in the U.S. *See* ECF 23 ¶¶ 12, 18-20, 23-24. Editorial Televisa publishes and sells magazines in Mexico and other Latin American countries and maintains corresponding websites intended for consumers in those markets. *See id.* Editorial Televisa did not operate in New York, and the websites' servers are not located in New York. *Id*. ¶¶ 18-20, 23-24. Moreover,

the SAC does not allege any acts, including business transactions, by Editorial Televisa in New York.

When dismissing Plaintiff's FAC, this Court observed that:

[T]here is no allegation **that Editorial Televisa does business in the State of New York** other than through websites that are available in New York and, even if Plaintiff had made such allegations, "the mere presence of a subsidiary in New York does not elevate the parent corporation's contacts with the state to the requisite level." *Chaplin v. Kido Indus. Co*., 2011 WL 2421309, at *3 (S.D.N.Y. June 7, 2011); see also *Moreau v. RPM, Inc.*, 799 N.Y.S.2d 113, 114 (2d Dep't 2005) ("Mere ownership by a parent company of a subsidiary that is subject to personal jurisdiction is insufficient to establish jurisdiction over the parent." (citations omitted)); *Meehan v. VIPKid*, 2023 WL 7001363, at *16 (E.D.N.Y. Aug. 29, 2023) (citing *Moreau*, 799 N.Y.S. 2d at 114).

*Creative Photographers, Inc.,* 2024 WL 1533189, at *8. The SAC is defective for the same reason – it does not allege that Editorial Televisa does business in the State of New York. Editorial Televisa is not even mentioned in the SAC. Therefore, Plaintiff fails to establish that Grupo Televisa does business in New York through its subsidiary, Editorial Televisa.

Third, Plaintiff's allegations that the accused websites are accessible to New York residents does not constitute "transacting business in New York" because the websites target Mexican and Latin American consumers, rather than U.S. consumers. The mere fact that the websites are accessible to residents of New York does not subject GTV to personal jurisdiction under Section 302(a)(1) because "the mere availability of the site to users in New York, standing alone, does not amount to transacting business in the state for purposes of section 302(a)." *Megna v. Biocomp Lab'ys Inc.*, 166 F. Supp. 3d 493, 496–500 (S.D.N.Y. 2016) (quoting *Royalty Network Inc. v. Dishant.com, LLC*, 638 F. Supp. 2d 410, 418 (S.D.N.Y. 2009)); *see also Freeplay Music, Inc. v. Cox Radio, Inc.*, No. 04 Civ. 5238, 2005 WL 1500896, at *7 (S.D.N.Y. June 23, 2005) ("It stretches the meaning of 'transacting business' too far to subject defendants to personal jurisdiction in any state merely for operating a website ... without some evidence or allegation that commercial

activity in that state actually occurred or was actively sought."); *Citigroup Inc. v. City Holding, Co*., 97 F.Supp.2d 549, 565 (S.D.N.Y. 2000) (where the website is "a nationally-available magazine or newspaper, this does not, without more, justify the exercise of jurisdiction over [the Defendant]" in New York).

Fourth, the SAC's statement that the accused websites are sufficiently "interactive" to confer personal jurisdiction over GTV should be disregarded for being conclusory and for amounting to improper group pleading.[4]  *See* ECF 46 ¶¶ 51, 58-64.  "Infringing Websites" is a defined term,  and it is intended by Plaintiff to cover all the 110 allegedly infringing URLs. *See Id*. ¶ 47 (listing the "Infringing Websites").  Plaintiff thereafter makes group pleading/"shotgun" allegations about all the websites and the 110 URLs.  Plaintiff alleges that the Infringing Websites "engage in device fingerprinting," "behavioral profiling," "data mining," "cookie syncing," and "third-party scripts" -- all to "engage in a number of activities that relate to acquiring user data and monetizing that data." *Id*. ¶¶ 59-64.  These group pleading statements about the 110 URLs are vague and conclusory.  They are not supported by any affidavit or declaration to confirm that the statements are based upon sufficient investigation by Plaintiff.  These paragraphs are nothing more than Plaintiff baselessly seeking to manufacture jurisdiction over five corporate Defendants.

Thus, any connections GTV has to New York do not arise from the alleged copyright infringement and do not merit this Court's exercise of specific personal jurisdiction over GTV pursuant to C.P.L.R. § 302(a)(1). *Conrad v. Latido Mitu Holdings, LLC*, No. 21-cv-03596, 2021 WL 5909656, at *1–5 (S.D.N.Y. Dec. 10, 2021) (finding alleged unauthorized display of photos to be "too far removed from [defendant's] alleged transactions of business in New York"); *Megna*,

---

[4] "Group pleading" and why it is not permitted in this Circuit is discussed in detail later in this Memorandum.

166 F. Supp. 3d at 499 (dismissing copyright infringement case for lack of personal jurisdiction where "[t]he Complaint does not contain any allegations that specifically connect the use of [plaintiff's] photograph with [defendant's] business activity").

### ii. There is No Specific Jurisdiction Over GTV Under N.Y. C.P.L.R. § 302(a)(2) Because GTV is Not Physically Present in New York and Did Not Commit A Tortious Act Within New York.

The SAC does not state whether Plaintiff seeks jurisdiction over GTV under N.Y. C.P.L.R. § 302(a)(2). In any event, it would be impossible for Plaintiff to validly make such a legal assertion. Jurisdiction under Section 302(a)(2) is conferred only when a foreign defendant "commits a tortious act within the state[.]" N.Y. C.P.L.R. § 302(a)(2). New York courts and the Second Circuit have "consistently interpreted § 302(a)(2) jurisdiction narrowly." *Carlson v. Cuevas*, 932 F. Supp. 76, 79 (S.D.N.Y. 1996) (citing cases).

For jurisdiction to attach under this subsection, GTV's allegedly tortious act must have occurred while GTV was physically present in New York. *Krisko v. Marvel Ent., LLC*, 473 F. Supp. 3d 288, 299 (S.D.N.Y. 2020) (citing *DirecTV Latin Am., LLC v. Park 610, LLC*, 691 F. Supp. 2d 405, 418 (S.D.N.Y. 2010)). Here, Plaintiff makes no allegation that GTV was physically present in New York when it committed the alleged infringement, nor could it validly plead such facts since GTV is a Mexican company with its principal place of business in that country. *See Megna*, 166 F. Supp. 3d at 499 ("Therefore, because [defendant] is not physically present in New York, Section 302(a)(2) is not a basis for personal jurisdiction.").

Additionally, Plaintiff cannot allege that personal jurisdiction exists under § 302(a)(2) because GTV has an "agent" in New York that committed the alleged copyright infringement. Vela has clearly testified that "GTV is a wholly separate legal entity from [Defendant] TelevisaUnivision Inc." ECF 23 ¶ 10. Also, "TelevisaUnivision is not a subsidiary of GTV, and GTV does not control TelevisaUnivision." *Id.* Likewise, "GTV does not control a New York based

company known as 'Univision.'" *Id.* ¶ 11.   Therefore, Plaintiff's conclusory and unsupported allegations to the contrary should be deemed legally refuted.

### iii. There is No Specific Jurisdiction Over GTV Under N.Y. C.P.L.R. § 302(a)(3) Because GTV Did Not Commit a Tortious Act or Cause Injury to Any Person or Property Within New York.

CPLR § 302(a)(3) provides for jurisdiction if the non-domiciliary:  "[C]ommits a tortious act without the state causing injury to person or property within the state ... if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce[.]"   Pursuant to § 302(a)(3), courts apply a "situs-of-injury test, which asks them to locate the original event which caused the injury." *Freeplay Music, LLC v. Rigol Techs. USA, Inc.*, No. 18 CIV. 10980 (ER), 2020 WL 564232, at *6 (S.D.N.Y. Feb. 4, 2020) (citing *Ikeda v. J. Sisters 57, Inc.*, No. 14 Civ. 3570 (ER), 2015 WL 4096255, at *4 (S.D.N.Y. July 6, 2015)).

"It is well-settled that residence or domicile of the injured party within New York is not a sufficient predicate for jurisdiction under section 302(a)(3)." (Internal quotations omitted) *Id.* (citing *Fantis Foods, Inc. v. Standard Importing Co.*, 49 N.Y.2d 317, 326 (N.Y. 1980)).  In *Freeplay Music, LLC v. Dave Arbogast Buick-GMC, Inc.*, 16 Civ. 442 (NRB), 2017 WL 449913, at *7 (S.D.N.Y. Jan. 18, 2017), this Court rejected plaintiff's position that plaintiff "need only establish that it is a New York copyright holder and [that defendant] uploaded [its] copyrighted music to the Internet for public access."  The court found that such a rule, "would mean that posting copyrighted material to the Internet for any purpose—such as posting a copyrighted photo to Instagram or Facebook—would automatically cause an instate injury to a New York copyright holder." *Id.*

12

Similarly, in *Freeplay Music, LLC v. Nian Infosolutions Private Ltd.*, No. 16 Civ. 5883 (JGK) (RWL), 2018 WL 3639929 (S.D.N.Y. July 10, 2018), report and recommendation adopted, No. 16 Civ. 5883 (JGK), 2018 WL 3632524 (S.D.N.Y. July 31, 2018), this Court declined to find personal jurisdiction under 302(a)(3), when Plaintiff alleged that it was deprived of license fees by defendant's copyright infringement. *Id.,* at *11. The Court determined that plaintiff's injury was "more narrowly circumscribed to a single location" and was "more akin to traditional commercial tort cases where the situs of injury is the place where the plaintiff lost business." *Id.* Moreover, plaintiff had not pleaded an injury to its "unique bundle of copyright rights." *Id.*; *see Freeplay Music, LLC v. Dave Arbogast Buick-GMC, Inc.*, No. 16 Civ. 442, 2017 WL 449913, at *5 (S.D.N.Y. Jan. 18, 2017) (Plaintiff's allegations—that defendants' broadcasting of unlicensed copyrighted material in Germany caused, in plaintiff's terms, "generalized harm (i.e., statutory damages as a result of defendants' willful infringement) to its exclusive distribution right"—was far too speculative to support a finding that plaintiff suffered injury in New York within the meaning of section 302(a)(3)(ii)); *see also Am. Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp.*, 439 F.2d 428, 434 (2d Cir. 1971).

In the instant case, Plaintiff fails to establish specific personal jurisdiction under Section 302(a)(3). The (relevant) accused websites were operated by Editorial Televisa, not GTV. Therefore, GTV did not commit the alleged tortious acts such as uploading the allegedly copyrighted photographs to the websites without a license or maintaining the allegedly infringing URLs.

Moreover, as in *Rigol* and *Nian*, Plaintiff has allegedly lost licensing revenue in the place of the alleged infringement, i.e., in Mexico, and Plaintiff has not identified a harm to it in New York. Plaintiff has not shown a special injury to its "unique bundle of copyright rights." *See also*

*Creative Photographers, Inc.*, 2024 WL 1533189, at *12 ("Nor does Plaintiff allege that it suffers an incremental injury or harm when the images are viewed by visitors to th[e] websites.").

Accordingly, Plaintiff's allegations fail to establish that GTV is subject to specific jurisdiction under New York law.

### iv.  The Exercise of Jurisdiction Over GTV under N.Y. CPLR § 301(a) Would Not Comport with Due Process.

If the Court finds specific jurisdiction under the New York Long-Arm Statute, it must then turn to the second step of the due process inquiry, under which the Court considers "whether the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice'—that is, whether it is reasonable to exercise personal jurisdiction under the circumstances of the particular case." *Licci v. Lebanese Canadian Bank*, 673 F.3d 50, 60 (2d Cir.2012) (quoting *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164 (2d Cir.2010)) (emphasis added).

The Second Circuit has recited a five factor test for this "reasonableness" analysis: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Chloe*, 616 F.3d at 164–65 (citing *Asahi Metal Indus. Co. v. Super. Ct. of Cal.,* 480 U.S. 102, 113–14 (1987)).

Applying these factors, it is clear that GTV would face a significant burden by having to defend this case in New York, given its absence of any physical presence in the State and because none of the records, files, or witnesses with information are located in New York.  *See Paulo v. Agence France-Presse*, No. 21 Civ. 11209, 2023 WL 2873257, at *25–30 (S.D.N.Y. Jan. 19, 2023), *R. & R. adopted*, 2023 WL 2707201 (S.D.N.Y. Mar. 30, 2023) (foreign entity incorporated and

headquartered in France with only a small news reporting office in New York would face a significant burden having to defend in federal court); *Aero AG Holdings, LLC v. Huggoes Fashion LLC*, No. 21 Civ. 9499, 2022 WL 6244439, at *12 (S.D.N.Y. July 5, 2022), *R. & R. adopted as modified*, 2022 WL 4463896 (S.D.N.Y. Sept. 26, 2022) (denying motion to amend where defendant was incorporated and maintained its principal place of business in Texas and did not own property or maintain bank accounts in New York); *Porina v. Marward Shipping Co.*, No. 05 CIV. 5621, 2006 WL 2465819, at *8 (S.D.N.Y. Aug. 24, 2006) ("litigating a case in New York would be a substantial burden" for a foreign defendant where "[n]one of the records, files, or witnesses with information about the litigation are located in New York ..."), *aff'd,* 521 F.3d 122 (2d Cir. 2008).

Further, GTV never owned or operated the accused websites. Its former subsidiary, Editorial Televisa, which operated *some* of the accused websites is also a Mexican company that is located and operated from Mexico. All of the alleged infringing activities, including uploading the accused content and maintaining said websites and servers, was conducted by Editorial Televisa in Mexico. The Editorial Televisa documents, which are not GTV's documents, are presumably in Mexico as well. Moreover, all of the Editorial Televisa witnesses will be located in Mexico. This Court would have to rule on proposed depositions and document requests largely sought from Mexican third-parties.

Next, "in evaluating the judicial system's interest in obtaining an efficient resolution, 'courts generally consider where witnesses and evidence are likely to be located.'" *Sherwin-Williams*, 2016 WL 354898, at *6 (quoting *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 574–75(2d Cir. 1996)). Given the presence of witnesses and documents for GTV in Mexico, and the absence of any showing that GTV's witnesses or evidence are located in New York, this factor "strongly favors declining jurisdiction[.]" *Sherwin-Williams*, 2016 WL 354898, at *6; *see*

*also Paulo*, 2023 WL 2873257, at *29; *Aero AG Holdings, LLC*, 2022 WL 6244439, at *13. Litigating this lawsuit in New York would not be efficient.

Additionally, because Plaintiff asserts a copyright claim under United States law, the Court may recognize a "shared interest" in furthering substantive social policy, *i.e.*, protecting copyrights. *Paulo*, 2023 WL 2873257, at *29. However, Mexico also has copyright laws, and Plaintiff could seek to enforce its copyrights in that country. As such, this factor is, at most, neutral as to the reasonableness of the exercise of personal jurisdiction over GTV. *Aero AG Holdings, LLC*, 2022 WL 6244439, at *13.

Consideration of the five *Asahi* factors makes plain that it would be unreasonable for New York to assert specific jurisdiction in this case, and that to do so would violate the constitutional guarantee of due process.

### v.  Plaintiff Fails To Establish That The Court Has Jurisdiction Over GTV Pursuant to Fed. R. Civ. P. 4(k)(2)

Federal Rule of Civil Procedure 4(k)(2) "provides for personal jurisdiction in a case (1) 'aris[ing] under federal law,' (2) where a defendant is not subject to the general jurisdiction of any one state, and (3) where 'exercising jurisdiction [would be] consistent with the United States Constitution and laws.'" *In re "Angeln" GmBH & Co. KG,* 510 Fed.Appx. 90, 91–92 (2d Cir. 2013) (summary order) (quoting Fed. R. Civ. P. 4(k)(2)). Rule 4(k)(2) thus establishes that the Court may only exercise personal jurisdiction over a defendant if doing so is consistent with the Due Process Clause of the Fifth Amendment. *See Porina v. Marward Shipping Co., Ltd.,* 521 F.3d 122, 127 (2d Cir. 2008). Yet, as a threshold matter, Courts in this District have rejected the notion that the reach of Rule 4(k)(2) is to cover "any and all situations in which general or specific jurisdiction is lacking but somehow due process requirements are met." *In re Aluminum Warehousing Antitrust Litig.*, 90 F. Supp. 3d 219, 225 (S.D.N.Y. 2015) (J. Forrest).

16

In the instant case, the first two prongs of Rule 4(k)(2) are satisfied but not the third prong. The copyright laws are federal, and Plaintiff certifies that GTV is not subject to the general jurisdiction of any one state. ECF 46 ¶ 20.  However, Plaintiff fails to establish personal jurisdiction over GTV under Rule 4(k)(2) because the exercise of jurisdiction over GTV would be inconsistent with the U.S. Constitution and laws, especially due process.

Due process for purposes of Rule 4(k)(2) requires (1) that the defendant have sufficient minimum contacts with the United States in general, rather than any particular state; and (2) that the exercise of jurisdiction is reasonable. *TAGC Mgmt., LLC v. Lehman*, No. 10 CIV. 06563 RJH, 2011 WL 3796350, at *6 (S.D.N.Y. Aug. 24, 2011) (*citing Porina*, 521 F.3d at 127)*.  The first step of the analysis, minimum contacts with the United States, is a "more stringent" test than that in the more-common minimum contacts analysis for purposes of states' long-arm statutes. *NewMarkets Partners LLC v. Oppenheim*, 638 F.Supp.2d 394, 404 (S.D.N.Y. 2009) (plaintiff must satisfy the more stringent minimum contacts test by showing that the defendant had continuous and systematic general business contacts with the United States, and this standard requires plaintiff to prove that defendant's contacts approximate physical presence in the United States); *In re Angeln GmBH & Co. KG*, 510 F. App'x 90, 92 (2d Cir. 2013) (the foreign defendant's contacts with the U.S. "must be continuous and systematic enough to find that a defendant purposefully availed itself of the privilege of conducting activities within the forum." (internal quotations omitted)).

In addition, the Court must consider: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of

the states in furthering substantive social policies. *Asahi,* 480 U.S. at 113–14.  In transnational litigation, the Supreme Court has specifically cautioned that "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *In re S. Afr. Apartheid Litig.*, 643 F. Supp. 2d 423, 431 (S.D.N.Y. 2009).

Plaintiff fails to show that exercising jurisdiction over GTV would be consistent with the United States Constitution and laws.

First, the Vela Declarations establish that <u>none</u> of the subject websites have been owned or operated by GTV.  The Vela Declarations are uncontested and have not been challenged by a single declaration submitted by Plaintiff; thus, the unsupported SAC allegations "may be deemed refuted." *See Allojet PLC v. Vantage Assocs.*, 2005 WL 612848, at *3 (S.D.N.Y. Mar. 15, 2005) (where a defendant "rebuts a plaintiff's unsupported allegations with direct, highly specific, testimonial evidence regarding a fact essential to jurisdiction—and the plaintiff does not counter that evidence—the allegation may be deemed refuted") (citations, alterations and internal quotation marks omitted)).  Some of the subject websites have been owned or operated by a GTV subsidiary company, Editorial Televisa.  Plaintiff has not alleged any facts to hold GTV accountable for the conduct of  its subsidiary, and Rule 4(k)(2) cannot be used as an 'end-run' around the heavy burden of supplying facts and evidence to pierce the corporate veil and to establish alter-ego liability.

Second, it is clear that the "facts" alleged by Plaintiff, at ECF 46 ¶¶ 18-28, are not sufficient to establish personal jurisdiction under Rule 4(k)(2). Plaintiff relies on <u>conclusory</u> allegations of supposed "fact," specifically, that:

(1) "GTV conducts significant and extensive business with companies in the United States." *Id*. at ¶ 22; and

(2) "GTV has conducted and continues to conduct business transactions with numerous companies in the United States." *Id.* ¶ 28.

Conclusory statements cannot be credited by the Court.  *See Creative Photographers, Inc.*, 2024 WL 1533189, at *3 ("While the Court construes the pleadings and affidavits in the light most favorable to plaintiffs…the Court will not draw argumentative inferences in the plaintiff's favor and need not accept as true a legal conclusion couched as a factual allegation.") (internal quotation marks omitted) (citing *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013) and *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013)).

Plaintiff also relies on an irrelevant statement of "fact," that "[p]ersonal jurisdiction is proper under Rule 4(k)(2)…*because GTV has been served*." *Id.* ¶ 18 (emphasis added).  Whether GTV has been served is not relevant to whether Rule 4(k)(2) supplies personal jurisdiction over GTV in this Court – it is not a factor in the analysis.

Plaintiff also alleges that GTV contracted with "Sony Pictures Studios in California" and "Viacom" ("later ViacomCBS") to distribute those companies' content, presumably, *to consumers in Mexico*. *See Id*. ¶¶ 23-24. But, Plaintiff offers no legal authority for its position that contracting to distribute content *in Mexico* somehow creates personal jurisdiction over GTV *in the U.S.*.  The alleged agreements involved Mexican and U.S. companies, and the supposed result was content being distributed in Mexico, not in the U.S. The allegedly infringing content at issue in this case was not a part of these transactions.  Therefore, Plaintiff's allegation is irrelevant and it does not support the exercise of jurisdiction over GTV.

Plaintiff also relies on two specific litigation matters involving GTV in the U.S., which were filed roughly twenty (20) years ago.  First, Plaintiff cites to GTV's litigation with Telemundo Communications in the Southern District of Florida.  *Id*. ¶ 26.  This litigation was filed in January <u>2004</u> and was voluntarily dismissed in January <u>2008</u>.  Peikes Decl. ¶ 8 and Ex. 3.  Thus, Plaintiff filed its Complaint in this litigation more than fifteen (15) years after the GTV and Telemundo Communications lawsuit was dismissed.  Additionally, Plaintiff relies on a bankruptcy case in the Illinois Northern Bankruptcy Court that was initiated in <u>2001</u> and was ultimately "terminated" in June 2020. ECF 46 ¶ 27; *see* Peikes Decl. ¶ 9 and Ex. 4.   The bankruptcy proceeding began 22 years before Plaintiff filed its Complaint in the instant lawsuit.  Peikes Decl. ¶ 9 and Ex. 4.  GTV's decision to make a creditor's claim many years ago cannot be counted as purposeful availment in the U.S.  Policy considerations and common sense require that foreigners can file as creditors in U.S. bankruptcy proceedings without subjecting themselves to personal jurisdiction under federal law.   Filings as a creditor in a bankruptcy proceeding should not involve such weighty considerations as subjecting oneself to personal jurisdiction in a foreign land, and in *any* federal court in the U.S. pursuant to Rule 4(k)(2).

In sum, Plaintiff has not made the requisite showing for this Court to exercise jurisdiction over GTV pursuant to Rule 4(k)(2).

### vi.  Personal Jurisdiction Over GTV is Not Conferred by its Agent for Process in New York Having Been Served with the Complaint and Summons

Plaintiff's contention that jurisdiction over GTV exists because its agent for process in New York was served with the Complaint and Summons is legally incorrect.  *See* ECF 46 ¶¶ 16-17.  In *Aybar v. Aybar,* 37 N.Y.3d 274, 280 (2021), the New York Court of Appeals held that, even for foreign businesses registered to do business in New York who consent to receive service from the Secretary of State, the service of process does not constitute consent to the exercise of general

jurisdiction in New York courts.  *See Vaval v. Stanco, LLC*, 219 A.D.3d 1466, 1467, 196 N.Y.S.3d 751, 753 (NY 2023); *Custom Truck One Source, LP v. Clearway Indus., LLC*, 81 Misc. 3d 1239(A), 202 N.Y.S.3d 922 (N.Y. Sup. Ct. 2024) ("Plaintiff's only basis for general jurisdiction therefore is service on Defendant's agent within New York.  However, that argument was explicitly rejected by the Court of Appeals in *Aybar*."); see also *Chufen Chen v. Dunkin' Brands, Inc.,* 954 F.3d 492, 499 (2d Cir. 2020) ("we now hold that a foreign corporation does not consent to general personal jurisdiction in New York by merely registering to do business in the state and designating an in-state agent for service of process under BCL § 1301(a)").

### vii.  Personal Jurisdiction Over GTV is Not Conferred by its Stock Being Listed on the New York Stock Exchange.

Similarly, Plaintiff's contention that jurisdiction over GTV exists because its "stock is listed on the New York Stock Exchange" is also incorrect.  *See* ECF 46 ¶ 44. The mere listing of a company on the New York Stock Exchange does not subject it to general jurisdiction in New York. *See, e.g.*, *Poms v. Dominion Diamond Corp*., No. 655733/2017, 2019 WL 2106090, at *3 (N.Y. Sup. Ct. May 15, 2019) (citing *Deer Consumer Products, Inc. v. Little*, 35 Misc.3d 374 (Sup. Ct. 2012)); *Gilson v. Pittsburgh Forgings Co.*, 284 F. Supp. 569, 570–71 (S.D.N.Y. 1968) (the trading of a company's stock on the New York Stock Exchange is not part of its "ordinary business" and does not represent business activities for conferring general jurisdiction).  For example, in *Stormhale, Inc. v. Baidu.com, Inc.*, this Court dismissed the plaintiff's complaint for lack of personal jurisdiction and explained that "the prevailing caselaw accords foreign corporations substantial latitude to list their securities on New York-based stock exchanges and to take the steps necessary to facilitate those listings…without thereby subjecting themselves to New York jurisdiction for unrelated occurrences." 675 F. Supp. 2d 373, 375–76 (S.D.N.Y. 2009) (quoting *Wiwa v. Royal Dutch Petroleum Co.,* 226 F.3d 88, 97 (2d Cir. 2000)).

2. __The SAC Must be Dismissed Pursuant to Rule 12(b)(6) because it Fails to State a Claim Against GTV Under a Theory of Alter-Ego Liability__

A. **Plaintiff Improperly Sues GTV for the Alleged Infringing Activity of its Subsidiary, Editorial Televisa S.A. de C.V.**

Plaintiff improperly sues GTV regarding URLs and websites that GTV did not own or operate. In doing so, Plaintiff has not made any effort to establish alter-ego liability with GTV for the alleged copyright infringement of its subsidiary company, Editorial Televisa.

In Plaintiff's First Amended Complaint (since dismissed by this Court), Plaintiff alleged that the infringing content was "published by Defendant's subsidiary Editorial Televisa SA De CV." ECF 12 ¶ 4. Nevertheless, Plaintiff sued only GTV and did not name Editorial Televisa as a defendant. Moreover, in the Vela Declarations, which are unrebutted by Plaintiff, Vela explains that <u>none</u> of the accused websites have been owned or operated by GTV. Vela explains that <u>some</u> of the accused websites have been owned or operated by a GTV subsidiary corporation, Editorial Televisa S.A. de C.V. Certain accused websites were operated by Editorial Televisa pursuant to a brand licensing agreement, specifically, <u>harpersbazaar.mx</u> and <u>cosmopolitan.com.mx</u>, which are licensed from the conglomerate Hearst Communications company. *See* ECF 21 ¶¶ 18-19. Vela also testified that Editorial Televisa operated the following accused websites and domains: <u>dam.tbg.com.mx</u>, <u>editorialtelevisa.com</u>, <u>tuenlinea.com</u>, and <u>tvnovelas.com</u>. ECF 21 ¶¶ 20, 23-24. Therefore, it is improper for Plaintiff to sue GTV for the alleged infringing conduct of GTV's subsidiary company, Editorial Televisa.

B. **Plaintiff Fails to Meet the Standard for Piercing the Corporate Veil to Establish Alter-Ego Liability**

"New York courts disregard [the] corporate form reluctantly," and "they do so only when the form has been used to achieve fraud, or when the corporation has been so dominated by an individual or another corporation ..., and its separate identity so disregarded, that it primarily

transacted the dominator's business rather than its own and can be called the other's alter ego." *Gartner v. Snyder*, 607 F.2d 582, 586 (2d Cir.1979).  "A corporate parent's ownership interest in a subsidiary, standing alone, is insufficient to demonstrate the existence of an agency relationship." *Bigio v. Coca–Cola Co.*, 675 F.3d 163, 175 (2d Cir. 2012).  *See also United States v. Bestfoods*, 524 U.S. 51, 62, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998) ("[n]either does the mere fact that there exists a parent-subsidiary relationship between two corporations make the one liable for the torts of its affiliate") (internal quotations and citations omitted).

Those seeking to pierce a corporate veil bear a heavy burden of showing that the corporation was dominated as to the transaction, and that such domination was the instrument of fraud or otherwise resulted in wrongful or inequitable consequences. *TNS Holdings, Inc. v. MKI Sec. Corp.*, 92 N.Y.2d 335, 339, 703 N.E.2d 749, 751 (1998) (citing *Matter of Morris v. New York State Dept. of Taxation & Fin.*, 82 N.Y.2d 135, 603 N.Y.S.2d 807, 623 N.E.2d 1157 (N.Y. 1993)); see *Walkovszky v. Carlton*, 18 N.Y.2d 414, 276 N.Y.S.2d 585, 223 N.E.2d 6 (N.Y. 1966) (evidence of domination alone does not suffice without an additional showing that it led to inequity, fraud or malfeasance).

Moreover, "[u]nder New York choice of law rules, the state of incorporation's law governs veil piercing." *Harte v. Ocwen Fin. Corp.*, No. 13CV5410MKBRER, 2016 WL 11120941, at *12 (E.D.N.Y. Mar. 11, 2016), report and recommendation adopted in part, No. 13CV5410MKBRER, 2016 WL 1275045 (E.D.N.Y. Mar. 31, 2016), and report and recommendation adopted, No. 13-CV-5410 MKB RER, 2016 WL 3647687 (E.D.N.Y. July 1, 2016) (quoting *OOO v. Empire United Lines Co., Inc.*, 557 Fed.Appx. 40, 46 (2d Cir. 2014). In the instant case, Editorial Televisa and GTV are Mexican corporations.  Therefore, Plaintiff's SAC must show that the corporate veil can be pierced pursuant to Mexican law.  Plaintiff does not set forth or meet such standard.

Plaintiff has made no effort to meet the heavy burden required in order to pierce the corporate veil to hold GTV responsible for its subsidiary company's alleged conduct under a theory of alter-ego liability.  Plaintiff does not plead any "domination" by GTV over Editorial Televisa. Therefore, GTV can be dismissed on the grounds that Plaintiff has improperly sued the parent corporation for the alleged actions of its subsidiary company and failed to show that the corporate veil plausibly could be pierced in this litigation, and that GTV could be held liable under a theory of alter-ego liability.

### 3. The SAC Includes Improper "Group Pleading" in violation of Fed. R. Civ. P. 8(a)

It is well-established in this Circuit that plaintiffs cannot simply 'lump' defendants together for pleading purposes. *Canon U.S.A., Inc. v. F & E Trading LLC*, No. 215CV6015(DRH)(AYS), 2017 WL 4357339, at *7 (E.D.N.Y. Sept. 29, 2017) (citing *Ritchie v. Northern Leasing Systems*, 14 F. Supp. 3d 229, 236 (S.D.N.Y. 2014)) Federal Rule of Civil Procedure 8(a) requires that a pleading "contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). By engaging in group pleading, a plaintiff "fails to give each defendant fair notice of the claims against it." *Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, 531 F. Supp. 3d 673, 728 (S.D.N.Y. 2021) (quoting *Holmes v. Allstate Corp.*, No. 11 CIV. 1543 (LTS) (DF), 2012 WL 627238, at *22 (S.D.N.Y. Jan. 27, 2012), report and recommendation adopted, 2012 WL 626262 (S.D.N.Y. Feb. 27, 2012)); *see Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001) (noting Fed. R. Civ. P. 8 "requires, at a minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests'") (citing *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir.1961); *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995) (a plaintiff cannot merely lump all the defendants together in each claim and provide no factual basis to distinguish their conduct); *Plusgrade L.P. v. Endava Inc.*, No. 1:21-

CV-1530 (MKV), 2023 WL 2402879, at *6 (S.D.N.Y. Mar. 8, 2023) (dismissing the plaintiff's amended complaint because "[u]ltimately, the use of group pleading in the Amended Complaint precludes each of the thirteen defendants from knowing what conduct it is alleged to have performed and, thus, against which allegations it must defend.").

For example, in *Ochre LLC v. Rockwell Architecture Plan. & Design, P.C.*, No. 12 CIV. 2837 KBF, 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012), aff'd, 530 F. App'x 19 (2d Cir. 2013), Judge Forrest dismissed plaintiff's copyright claim after noting that: "[w]here a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants." *Id.* at *6.  Plaintiff had merely lumped all of the defendants together into each claim without distinguishing their conduct.  The Court thus dismissed the complaint and concluded that "[s]uch 'lumping' of allegations is exactly what the Second Circuit [has] warned against," and "plaintiff cannot force the various defendants to guess at the nature of its claims." *Id.* at *7.

Here, applying the foregoing authorities, the SAC must be dismissed as an improper "group pleading."  Plaintiff alleges that 21 copyright-protected works (shown in ECF 46-1) were infringed by the five Defendants, across 110 URLs (listed in ECF 46-3).  It is not clear which Defendant is alleged to have infringed which work or works.  For the "URLs" listed in ECF 46-3, the SAC does not state which photographic work was shown at the URL, whether it was all 21 of the works, one work, or several of the copyrighted works.[5]

Paragraphs 86 and 87 of the SAC purport to list "photographs displayed on the Infringing websites" but, in fact, do not show *any* photograph.  GTV submits that it is impossible to match

---

[5] As is set forth in the Peikes Declaration, the listed "URLs" in Exhibit C to the SAC (ECF 46-3) are not URLs at all.  They cannot be accessed on the internet, nor did they ever provide access to any Internet address. Peikes Decl. ¶¶ 2-6.

these lists with the 21 photographs shown in Exhibit A, ECF 46-1.  For example, Paragraph 87 lists "21) _97A7306.jpg by Vijat Mohindra."  However, Exhibit A does not even disclose which of the 21 photographs were taken by photographer Vijat Mohindra.  Moreover, which of these purported "photographs" were shown at which website, alleged to be owned by which Defendant(s), is not stated by the Plaintiff.

In the SAC section entitled "Defendant's[sic] Unlawful Activities," Plaintiff accuses all five Defendants of the same conduct. ECF 46 ¶¶ 83-108.  For example, SAC Paragraphs 93-97 ascribe the conduct to GTV; Paragraphs 98-102 ascribe the same conduct to "TU", and; Paragraphs 103-107 ascribe the same conduct to "[t]he Univision Entities or one of the Univision Entities." *Compare* ECF 46 ¶¶ 93-97, 98-102, and 103-107. Similarly, SAC Paragraph 93 states:

> 93. **GTV or someone acting on its behalf located the Copyrighted Works** on the internet and, without authorization from Plaintiff, **downloaded some or all of the Copyrighted Works to computer systems owned or operated by GTV**, and then **used Plaintiff's Copyrighted Works or some of Plaintiff's Copyrighted Works in the creation of webpages to attract users to visit and remain at GTV's website** for the commercial purpose of generating revenue and brand awareness, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying Plaintiff's Copyrighted Works or some of Plaintiff's Copyrighted Works.

SAC Paragraph 98 states:

> 98. **TU or someone acting on its behalf located some or all of the Copyrighted Works on the internet** and, without authorization from Plaintiff, **downloaded some or all of the Copyrighted Works to computer systems owned or operated by TU**, and then **used Plaintiff's Copyrighted Works or some of Plaintiff's Copyrighted Works in the creation of webpages to attract users to visit and remain at TU's websites** for commercial purposes of generating revenue, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying Plaintiff's Copyrighted Works or some of Plaintiff's Copyrighted Works.

And SAC Paragraph 103 states:

> 103. **The Univision Entities or one of the Univision Entities or someone acting on their behalf located the Copyrighted Works on the internet** and, without authorization from Plaintiff, **downloaded some or all of the Copyrighted Works to computer systems owned or operated by the Univision Entities or one of the Univision Entities**, and then **used**

26

**Plaintiff's Copyrighted Works or some of Plaintiff's Copyrighted Works in the creation of webpages to attract users to visit and remain at the Univision Entities or one of the Univision Entities' website** for commercial purposes of generating revenue, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying Plaintiff's Copyrighted Works or some of Plaintiff's Copyrighted Works.

The above "factual" allegations create confusion as to which Defendant is alleged to have infringed which copyright-protected work, when, and how.  GTV cannot determine if it is accused of infringing a single work, or whether it is accused of infringing 21 works.

The Plaintiff's "group pleading" of it legal claims ("First", "Second" and "Third" Claims) similarly fails to provide notice to the Defendants of the claims against each of them.  *See* ¶¶ 109-142.  The SAC does not specify what conduct each Defendant, or group of Defendants, allegedly performed with respect to each of the three claims.  Plaintiff's three claims – Direct Copyright Infringement, Contributory Copyright Infringement, and Vicarious Copyright Infringement – each purport to be against "All Defendants." But, as for the First Claim for Relief, "Direct Copyright Infringement against All Defendants," which work or works were infringed by GTV, by TelevisaUnivision, by Univision Holdings, Inc., by Univision Holdings II, Inc., and by Univision Communications, Inc., cannot be determined.  Which "URL" purportedly relates to which Defendant and to which copyrighted work is a mystery.

For Plaintiff's "Second Claim of Relief, Contributory Copyright Infringement Against All Defendants," the term "Defendants" is used throughout the claim, with no discernment between the Defendants. ECF 46 ¶¶ 118-129.  Thus, it is impossible to discern how each Defendant allegedly contributed to the infringement, and as to which of the 21 works.  The same problem persists for Plaintiff's "Third Claim for Relief, Vicarious Copyright Infringement against All Defendants." ECF 46 ¶¶ 130-142.  The term "Defendants" is haphazardly used throughout, with no discernment between the 21 works, the 5 Defendants, or the 110 URLs.

4. **Plaintiff Cannot Cure the Jurisdictional Defects and the Complaint Should be Dismissed With Prejudice.**

Dismissal without leave to amend is appropriate here because the Complaint's deficiencies cannot be cured by amendment.  Indeed, in copyright infringement cases, courts routinely deny leave to amend when dismissing complaints for lack of personal jurisdiction as well as for failure to state a claim.  *See, e.g.*, *Castro v. Cusack*, No. 15-cv-6714, 2019 WL 3385218, at *9 (E.D.N.Y. July 26, 2019) (dismissing amended complaint with prejudice where "there is absolutely no indication that [plaintiff] could remedy the complaint's defects"); *Lane v. Knowles-Carter*, No. 14 Civ. 6798, 2015 WL 6395940, at *8 (S.D.N.Y. Oct. 21, 2015) (granting motion to dismiss copyright claim with prejudice); *see also Barricade Books, Inc. v. Langberg*, No. 95 CIV. 8906, 2000 WL 1863764, at *10 (S.D.N.Y. Dec. 19, 2000) (same). Simply put, GTV is not subject to personal jurisdiction in New York, and the SAC should be dismissed for that reason and the other grounds as stated herein.

## IV.    CONCLUSION

GTV respectfully submits that the entire SAC must be dismissed with prejudice.

**Oral Argument:**  GTV requests oral argument on the Motion.


Dated: June 5, 2024                     Respectfully submitted,

                                        By:     /s/*Ross Panko*_____
                                                Ross Q. Panko (admitted *pro hac vice*)
                                                ArentFox Schiff LLP
                                                1717 K Street, NW
                                                Washington, DC 20006
                                                Tel: (202) 857-6090
                                                Email: ross.panko@afslaw.com

                                                Ariel Peikes
                                                ArentFox Schiff LLP
                                                1301 Avenue of the Americas, 42nd Floor
                                                New York, NY 10019
                                                Tel.: (212) 457-5442

Email: ariel.peikes@afslaw.com

*Attorneys for Defendant Grupo Televisa, S.A.B.*